**In re the Marriage of David J. PAUL, petitioner, Respondent,**

v.

**Elizabeth M. PAUL, Appellant.**

**Nos. C6–87–169, CX–87–532.**

Court of Appeals of Minnesota.

Aug. 4, 1987.

Terry A. Karkela, Karkela Law Office, Perham, for respondent.

Peter M. Irvine, Irvine, Ramstad, Quam, Briggs & Irvine, P.A., Perham, for appellant.

Considered and decided by POPOVICH, C.J., and NORTON and MULALLY,* JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Husband and wife both appeal from an amended judgment and decree. She claims the trial court awarded the husband an inequitably excessive share of the parties' marital property and should have awarded her permanent spousal maintenance. He asserts the property was divided inequitably in the wife's favor and the court's award of temporary spousal maintenance was not an abuse of discretion. We affirm.

## FACTS

The 21–year marriage of appellant Elizabeth M. Paul and respondent David J. Paul was dissolved by judgment and decree entered April 7, 1986. The trial court reserved jurisdiction regarding property division and spousal maintenance. On July 23, 1986, the trial court filed a second judgment and decree deciding those issues.

During the parties' marriage, respondent, age 40, served in the United States Army and retired in May 1985 after 21 years. Appellant, age 42, was essentially a homemaker throughout this period, although she worked occasionally as a bus driver, bartender, clothing store clerk and cook. The parties had two children: one deceased and an emancipated 21–year-old son. Both appellant and respondent enjoy good health.

The July 1986 judgment concluded neither party would receive spousal maintenance. The trial court awarded appellant the parties' homestead encumbered by a $36,000 mortgage, and

> [t]he household goods, furnishings, appliances, jewelry and personal effects in [appellant's] possession, the 1973 Ford Pickup, the 1982 Honda Accord automobile, the boat, motor and trailer, [appellant's] life insurance policy, one-half of the [respondent's] monthly military retirement pension less federal taxes withheld, [appellant's] retirement account and [appellant's] bank accounts.

Respondent was awarded the parties' unencumbered nonhomestead lake property and

> [t]he household goods, furnishings, appliances and personal effects in [respondent's] possession, the 1977 Ford Granada, [respondent's] State Farm Life Insurance Policy, [respondent's] Mutual of Omaha Insurance Policy, one-half of his monthly military retirement pension less federal taxes withheld and [respondent's] bank accounts.

The trial court also concluded:

> [Respondent] shall within 30 days of the date hereof irrevocably re-elect the

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

military Survivors Benefit Plan (SBP) naming [appellant] herein as beneficiary thereof. [Respondent] shall select that SBP option which will result in payments to [appellant] as surviving beneficiary after [respondent's] death, the sum of $550.00 per month, which option will result in a monthly contribution of approximately $80.00 per month which will be deducted from [respondent's] pension, this contribution shall be shared equally by both parties and shall be deducted one-half from each party's monthly check.

Each party was awarded one-half of the present cash surrender value of the parties' life insurance policies. No findings were made regarding the actual value of these property interests.

Appellant moved for amended findings, conclusions and judgment and decree. On December 23, 1986, the trial court entered its amended judgment in response to appellant's motion. The trial court awarded appellant $10,000 to be paid by respondent within 60 days from entry of the amended judgment, and ordered respondent to pay appellant $100 per month in spousal maintenance for five years.

Both parties appeal from the December 1986 amended judgment. Appellant's appeal (C6-87-169) and respondent's appeal (CX-87-532) were consolidated by order of this court.

## ISSUES

1. Did the trial court abuse its discretion in awarding spousal maintenance?

2. Did the trial court abuse its discretion in dividing the parties' marital property?

## ANALYSIS

1. A trial court has broad discretion in determining spousal maintenance and its decision will be affirmed if it has a reasonable and acceptable basis in fact.

*Cisek v. Cisek,* 409 N.W.2d 233 (Minn.Ct. App.1987). Appellant claims it was unrea-

sonable for the trial court not to award her permanent spousal maintenance of at least $400 per month. She asserts application of the factors stated in Minn.Stat. § 518.552, subd. 2 (1986) justifies a permanent award and that pursuant to subdivision 3 of that statute any uncertainty regarding the necessity of a permanent award should be resolved in favor of permanent maintenance. No single factor is dispositive in reviewing a maintenance award. *Elwell v. Elwell,* 372 N.W.2d 67, 69 (Minn.Ct.App. 1985). The trial court made no findings regarding these factors. *But see Justis v. Justis,* 384 N.W.2d 885, 891 (Minn.Ct.App. 1986) ("Findings are not required on each factor considered."), *pet. for rev. denied* (Minn. May 29, 1986).

Appellant testified her net employment income is approximately $500 per month. In addition, appellant will receive substantial income from the marital property division. *See* Minn.Stat. § 518.552, subd. 2(a) (1986) (financial resources include marital property). The trial court awarded appellant one-half of respondent's pension (approximately $440 gross per month) and a $10,000 cash payment. This additional property must be considered in computing appellant's financial resources.

Although appellant is only 43 years old and in good health, she claims the probability of her completing long-term training to acquire employment skills necessary to meet her expenses is unlikely. Appellant insists the distance from her home in Perham to educational facilities is too great: 20 miles to a vocational school; 50 miles to a junior college; and 70 miles to a university. This condition alone is not prohibitive. Appellant claims even if she was able to complete such training or education, the likelihood of her finding a $20,000 per year job in Perham is small. *See Doherty v. Doherty,* 388 N.W.2d 1, 3 (Minn.Ct.App. 1986) (job market in area where recipient spouse resides is a factor). She failed, however, to provide any evidence to substantiate this allegation.

Appellant claims she needs income of $1349 per month to maintain her present

lifestyle. She also states the parties enjoyed increased financial freedom the two years prior to dissolution because of respondent's pay increases and his ability to send much of· his pay home to appellant because of his frugal military lifestyle. Respondent asserts Minn.Stat. § 518.552 does not require a maintenance award based on a short-lived increase in available income which has since terminated. We agree.

During the parties' 21–year marriage to which each made contribution, appellant worked at several "pink collar" jobs. With only a high school education and limited skills, it would be difficult to conclude her experience was outmoded or her earning capacity diminished by marriage.

Appellant asserts because of her sporadic employment she has no retirement benefits other than her private annuity purchased after the parties' separation. She fails to mention social security benefits. Appellant claims she has lost the retirement benefits accorded the spouse of a retired military person. Respondent argues appellant, as his former spouse, is still entitled to significant medical and dental benefits. Those benefits are payable only if appellant does not have medical coverage under an employer-sponsored health plan. *See* 10 U.S.C.A. § 1072(2)(F) (West Supp.1987).

Appellant claims respondent's $27,000 per year job in Japan would allow him to meet his needs and pay her $400 per month in permanent maintenance. Respondent argues the cost-of-living in Japan will not allow him much available income. He estimates his monthly expenses in Japan at $2180.34. He also testified the position is only for three years, the first of which is probationary. Appellant has not clearly demonstrated respondent's ability to pay.

Review of the Minn.Stat. § 518.552, subd. 2 factors as applied does not indicate an abuse of trial court discretion. We affirm the award of temporary maintenance.

■ 2. Both parties claim their long-term marriage justifies an equal division of their marital property and the trial court's failure to order one is an abuse of discretion. *See Weikle v. Weikle,* 403 N.W.2d 682, 686 (Minn.Ct.App.1987) ("In cases involving dissolution of a long-term marriage, an equal division of property is appropriate."), *pet. for rev. denied* (Minn. June 30, 1987). The trial court must make "a just and equitable division of the marital property." Minn.Stat. § 518.58 (1986).

The court shall base its findings on all relevant factors including the length of the marriage, any prior marriage of a party, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, needs, opportunity for future acquisition of capital assets, and income of each party. The court shall also consider the contribution of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property, as well as the contribution of a spouse as a homemaker.

*Id.* The court's division need not be equal. *Letsch v. Letsch,* 409 N.W.2d 239 (Minn.Ct. App.1987). The trial court has broad discretion in dividing marital property and its decision will not be reversed absent a clear abuse of discretion. *Justis,* 384 N.W.2d at 888.

■ The parties estimate the following valuation of their property as divided and allege certain inequities:

|  | Husband | Wife |
|---|---|---|
| Appellant estimates | $36,800 | $30,650 |
| Respondent estimates | $30,484 | $48,885 |

Appellant's primary objection regards the real estate equity awarded each party. She received the homestead valued by appraisers between $43,000 and $49,500. A $36,000 mortgage encumbers that property resulting in net equity of between $7000 and $13,500. Respondent received the lake home valued at $32,500, which is unencumbered. Appellant asserts comparison of the net equity renders the division inequitable.

While appellant determined the division of personal property was a "wash," respondent insists that division resulted in substantial inequity. He concludes appellant was awarded $14,185 in personal property

and he was given $3684. While the trial court made no findings regarding valuation of the personal property, our review of the record indicates division of that property was in appellant's favor. Respondent overstates, however, the discrepancy. His appraiser's valuations were discredited on cross-examination regarding several items.

The parties agree appellant was awarded the greater value of their automobiles, boat and trailer. Appellant's share is approximately $7500 as opposed to respondent's $750 award. Respondent also notes the $10,000 cash award should be a credit to appellant and a debit to him.

While each party can point to disproportionate awards with respect to certain types of property, our analysis concerns the overall marital property division. Reviewing the entire distribution, we conclude the trial court did not abuse its discretion in the division. Assuming valuations consistent with the evidence, the distribution is not inequitable or unjust. Any deviation in appellant's favor is justified by application of the factors stated in Minn.Stat. § 518.58.

Appellant complains no lien was awarded against respondent's property to secure the $10,000 cash award payable within 60 days of entry of the amended judgment. She also insists the trial court should have ordered respondent to designate a local agent for service of process of postdecree matters during his employment in Japan. Because appellant did not show cause for requiring the lien or the designation of an agent, we cannot say the trial court abused its discretion.

■ Appellant claims she was not awarded a just and equitable share of respondent's military pension. She asserts her award should have been protected from application of 5 U.S.C.A. § 5532 (West 1980 & Supp. 1987). That federal statute provides a retired military person receiving retirement pay, who subsequently is employed at a federal civil service job, must have his military retirement pay reduced. Here, respondent's gross monthly pension of $1159 will be reduced approximately $280 because of his federal civil service job in Japan. Appellant asserts the judgment and decree should have required respondent to compensate her for any such decrease in her net share of the pension.

Appellant essentially requests an award of a fixed amount. But as this court recently held, a fixed percentage award should be made when dividing a vested pension if the payor spouse cannot currently pay the present value of the payee spouse's share. *See Petschel v. Petschel,* 406 N.W.2d 604, 607 (Minn.Ct.App.1987). Here the trial court awarded appellant a fixed 50% of respondent's pension and cannot be said to have abused its discretion.

■ Respondent claims the trial court erred by ordering him to elect the military Survivors Benefit Plan (SBP), 10 U.S.C.A. §§ 1447–1455 (West 1983 & Supp. 1987). He cites 10 U.S.C.A. § 1450(f)(3) (West 1983) which states:

Nothing in this chapter authorizes any court to order any person to elect under section 1448(b) of this title to provide an annuity to a former spouse unless such person has voluntarily agreed in writing to make such election.

*Id.* That statute was amended, however, in 1985 to permit courts to order persons to elect the SBP. *See* 10 U.S.C.A. § 1450(f)(3)(A) (West Supp. 1987).

Respondent also argues the court abused its discretion in ordering the election because the SBP only insures the pension interest of respondent. But the SBP provides benefits to appellant upon respondent's death and is essentially a life insurance policy unrelated to respondent's pension.

## DECISION

The trial court did not abuse its discretion in awarding temporary maintenance or dividing the parties' marital property.

Affirmed.