[No. A041944. First Dist., Div. Three. Jan. 31, 1989.]

In re the Marriage of MARGARETE and WILFRIED P. ZIEGLER.
WILFRIED P. ZIEGLER, Appellant, v.
MARGARETE ZIEGLER, Respondent.

## COUNSEL

McPherson, Barnett & Mattice and William H. McPherson for Appellant.

Whiting & Becksted and Sidney E. Whiting III for Respondent.

## OPINION

**WHITE, P. J.**—Wilfried P. Ziegler (Wilfried) appeals after the trial court ordered him to make monthly payments to maintain the survivor benefit plan offered through his former employer, the United States Air Force, for the benefit of his former wife, Margarete Ziegler (Margarete). Wilfried contends this order is improper. We reject his arguments and affirm the order and judgment.

### FACTS

Wilfried served in the United States Air Force and retired in 1971. In 1975 he married Margarete. At the time of the marriage, Wilfried was already receiving his military retirement pay.

Subsequently, during the marriage, the Air Force informed Wilfried that he could apply for a survivor benefit plan based on his retirement interest. Under the plan the Air Force would continue to pay a percentage of Wilfried's retirement benefits to a surviving spouse or former spouse after his death. Wilfried elected to obtain the survivor benefit plan for the protection of his then-wife Margarete; payments for the plan (which are currently

about $203 per month) are automatically deducted from Wilfried's retirement pay.

Wilfried and Margarete separated in November of 1985. After the marriage was dissolved in November of 1986, the court ordered Wilfried to pay temporary spousal support of $650 per month and, pursuant to an earlier stipulation, ordered Wilfried to continue making payments on the survivor's benefit plan for Margarete's benefit. These temporary orders were reviewed by the trial court at a hearing in December of 1987. In a brief submitted after this hearing, Wilfried contended the trial court could not order him to continue making payments to keep the survivor's benefit plan in effect. The court rejected Wilfried's arguments, and ordered him to "make the payment required each month to maintain the survivor benefit plan through the United States Air Force for the use and benefit of [Margarete]" and to pay $550 per month directly to Margarete as spousal support.

Wilfried contends the order concerning the survivor benefit plan is improper because: (1) it amounts to an award of his separate property to Margarete; (2) it requires that he pay spousal support after his death; and (3) it was not "just and reasonable in view of the circumstances of the respective parties" (Civ. Code, § 4801.4).[1] We reject each of these arguments.

## DISCUSSION

The court's order requiring Wilfried to maintain the survivor benefit plan is authorized by Civil Code section 4801.4, which provides in pertinent part: "For the purposes of Section 4801 [which gives the court power to grant spousal support], where it is just and reasonable in view of the circumstances of the respective parties, the court, in determining the needs of a supported spouse, may include an amount sufficient to purchase an annuity for the supported spouse or to maintain insurance for the benefit of the supported spouse on the life of the spouse required to make the payment of support, or may require the spouse required to make the payment of support to establish a trust to provide for the support of the supported spouse, so that the supported spouse will not be left without means for support in the event that the order for support is terminated by the death of the party required to make the payment of support."

---

[1] Unless otherwise indicated, all further statutory references are to the Civil Code.

■ ■■■ Both parties agree that the survivor benefit plan is a form of annuity.[2] Consequently, the trial court had the authority under section 4801.4 to order Wilfried to provide support to maintain that plan. ■ Nevertheless, Wilfried contends that, for various reasons, the court's power was not properly exercised in the present case.

## A. *The Court Did Not Award Wilfried's Separate Property to Margarete.*

Wilfried first contends that the court essentially awarded his separate property (the survivor benefit plan) to Margarete. We disagree. The trial court did find that "the United States military retirement benefits of the [appellant] and any annuity benefits, including his entitlement to Survivor's Benefit Plan flowing from the retirement benefits, are his separate property, having been earned by virtue of his being a member of the United States Air Force prior to his marriage to [Margarete] . . . ." However, the trial court did not award the survivor annuity plan to Margarete, but, instead, ordered Wilfried to *maintain* that plan for her benefit as part of his spousal support obligation. We believe section 4801.4 empowered the court to make this order.

Only one case (*In re Marriage of Gonzalez* (1985) 168 Cal.App.3d 1021 [214 Cal.Rptr. 634, 54 A.L.R.4th 1195]) has thus far even mentioned section 4801.4, and the discussion in that case is not pertinent to the issue before us.[3] However, we find some support for the position we take in the Law Revision Commission comments to section 4801.4. The comments state: "If insurance is already in force on the life of the support obligor, this section authorizes the court to order that the support obligor maintain some or all of the insurance in force and name the supported spouse as the beneficiary of the insurance." (Cal. Law Revision Com. com., 12A West's Ann. Civ. Code (1988 pocket supp.) § 4801.4, p. 95.) Thus, the comments clearly indicate the court has power to order the obligor to maintain *preexisting* protection; moreover, there is nothing in the statute or comments which indicates that the character of the preexisting insurance or annuity (whether separate or community property) restricts the court's power to make orders concerning that property. In sum, we conclude that the court did not award Wilfried's separate property to Margarete; instead, the court's order is proper as an award of spousal support under section 4801.4.

[2] An "annuity" is broadly defined as "[a] right to receive fixed, periodic payments, either for life or for a term of years." (Black's Law Dict. (5th ed. 1979) p. 82, col. 2.)
[3] Section 4801.4 was added to the Civil Code in 1985. (Stats. 1984, ch. 1573, § 1, p. 5537.)

**B.** *The Support Order Does Not Require Wilfried to Pay Spousal Support After His Death.*

Absent a written agreement to the contrary between the parties, an obligation to pay support terminates when the support obligor dies. (§ 4801, subd. (b).) Section 4801.4 does not change this rule. (Cal. Law Revision Com. com., 12A West's Ann. Civ. Code, *supra,* § 4801.4, p. 95.) Wilfried contends the support order in this case requires that he provide support payments after his death. The contention is meritless. Under the order, Wilfried's obligation to provide support (the payments on the annuity) *does* cease at his death; once he dies, the *government* will have a contractual obligation to make payments to Margarete. However, Wilfried (or his estate) will have no responsibility for those payments.

In our view, Wilfried completely misunderstands the purpose of section 4801.4. It is true that section 4801.4 does not permit a court to order support payments by the obligor after the obligor's death. What it does permit is the payment of support to maintain life insurance or an annuity during the obligor's life; once the obligor dies, his "support payments" cease and the third-party contractual obligation to make payments begins. This in no way violates the rule that an obligation to make support payments terminates when the obligor dies. (§ 4801, subd. (b).)

**C.** *The Court's Order Was Just and Reasonable in View of the Circumstances.*

Finally, Wilfried contends the court's order was not "just and reasonable in view of the circumstances of the respective parties" as required by section 4801.4. This argument is meritless.

Wilfried's argument is based on a remarkably tortured reading of sections 4801.4 and 4801. Although the logic of the argument is difficult to follow, we attempt to summarize his contention below: Section 4801, subdivision (a) provides with respect to regular support payments that "[t]he court may order the party required to make the payment of support to give reasonable security therefor." In Wilfried's view, section 4801.4 merely permits the trial court to order the obligor to provide an annuity as "security" for the payment of regular support. This annuity must be payable during the lifetime of the obligor, since, in Wilfried's view, an annuity payable after the obligor's death violates the rule that support obligations cease upon the death of either party.[4] According to Wilfried, it would be "just and reasonable" to require the obligor to provide such an annuity *only* when the

---

[4] We have already rejected this argument in our discussion, *ante,* in part B.

obligor's regular support payments are in jeopardy. Since there is no evidence his regular support payments were in "jeopardy," Wilfried contends the court exceeded its authority by requiring him to maintain the survivor benefit plan.

Wilfried's argument is based on a gross misunderstanding of section 4801.4. The stated purpose of the statute is to insure that "the supported spouse will not be left without means for support in the event that the order for support is terminated by the death of the party required to make the payment of support." In other words, the statute's purpose is to insure support is provided for the supported spouse *after* the obligor dies. It has nothing to do with providing "security" for the payment of support owed during the obligor's lifetime.

In our view, the trial court acted well within its discretion when it concluded it was "just and reasonable" to order Wilfried to continue to make payments on the survivor benefit plan. The parties were married for more than 10 years. Margarete was in her early 50's at the time of the divorce and Wilfried was in his mid-60's. Based on the evidence produced at the hearing, the trial court concluded there was a real danger Margarete would not be able to provide for herself without assistance from Wilfried. Moreover, Wilfried had net income of $2,237 per month, while Margarete's net income (without spousal support) was only $275 per month. Finally, the court noted that the parties themselves believed that the annuity was necessary since they had contracted for it during the marriage. In light of the evidence, the court was amply justified in finding its order "just and reasonable in view of the circumstances of the respective parties." (§ 4801.4.)

The judgment is affirmed.

Merrill, J., and Strankman, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 19, 1989.