647 A.2d 812

Jacquelyn B. MATTHEWS

v.

Herbert MATTHEWS.

No. 127, Sept. Term, 1993.

Court of Appeals of Maryland.

Sept. 19, 1994.

A.H. Michael Rankin, Upper Marlboro, for appellant.

Bruce A. Kaufman (Thomas C. Ries, Rosenthal, Kaufman & Ries, P.A., all on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RAKER, Judge.

Under the Survivor Benefit Plan, 10 U.S.C. §§ 1447–55 (1988 & 1993 Supp.), certain members of the armed services are eligible to elect to provide their dependents with survivor benefits. The issue in this case is whether Maryland courts have the authority, pursuant to a divorce decree, to order a party to maintain a former spouse as the beneficiary of the Survivor Benefit Plan. The Circuit Court for St. Mary's County held that it did not have the power to order Herbert Matthews to maintain his Survivor Benefit Plan for the benefit of his former spouse, Jacquelyn Matthews. We hold that Congress granted Maryland courts the authority to order a party to maintain a former spouse as the beneficiary of his or her Survivor Benefit Plan.

## I.

The Circuit Court for St. Mary's County granted Herbert Matthews an absolute divorce from Jacquelyn Matthews after twenty-three years of marriage. Pursuant to Maryland Code (1984, 1991 Repl.Vol. & 1993 Cum.Supp.) §§ 8–205, 11–101, 11–106 & 11–110 of the Family Law Article, the court granted Jacquelyn a monetary award of $25,000, indefinite alimony of $1,750.00 per month, and attorney's fees of $9,000.00. The circuit court, however, denied Mrs. Matthews' request that Admiral Matthews be ordered to maintain her as the beneficiary of his Survivor Benefit Plan. Following her appeal to the Court of Special Appeals, we issued a writ of certiorari on our own motion to consider the question of whether a Maryland court has the authority to require one spouse to designate a former spouse as the beneficiary of the Survivor Benefit Plan.

When Herbert married Jacquelyn on June 25, 1971, he had been in the United States Navy for thirty-one years and had attained the rank of Admiral. He designated his wife, Jacquelyn, as the beneficiary of his Survivor Benefit Plan, thereby providing a monthly income to her in the event of his death. Two years after the marriage, he retired from the military. Following the parties' separation in May of 1989, Adm. Matthews removed Mrs. Matthews as beneficiary by cancelling his participation in the plan.

The trial court ordered Adm. Matthews to secure the survivor benefits for Mrs. Matthews but subsequently vacated the ruling as "improvidently ordered." In the initial opinion and order dated June 24, 1992, the circuit court required Adm. Matthews to provide survivor benefits for Mrs. Matthews, conditioned on her willingness to pay the monthly cost of maintaining the benefit. In response to motions to alter the judgment filed by both parties, the trial court entered a revised order. Finding that the court lacked authority to compel Adm. Matthews to retain Mrs. Matthews as a beneficiary of the Survivor Benefit Plan, the court vacated that portion of the order, stating two reasons: first, the benefits

accrued prior to the parties' marriage and thus could not be considered marital property; and second, that the Survivor Benefit Plan is a form of life insurance, and as such, "forcing an individual to permit an ex-spouse to obtain a life insurance policy on them is in violation of Section 371 of the Maryland Insurance Code...."[1] Dissatisfied with this ruling, Mrs. Matthews appealed to the Court of Special Appeals, and we granted certiorari prior to review by the intermediate appellate court.

## II.

The Survivor Benefit Plan (SBP), 10 U.S.C. §§ 1447–55 (1988 & 1993 Supp.), purely a creature of federal law, was created by Congress in 1972. The plan was designed to provide financial security to a designated beneficiary of an active or retired military member, payable in the form of an annuity upon the service member's death. Eligible participants include any member of the armed services who is entitled to retired pay and who is married or has a dependent child at the time he or she becomes entitled to retired pay. 10 U.S.C. §§ 1448(a)(1)(A) & (a)(2)(A). Eligible participants are automatically enrolled in the SBP unless they elect not to participate. 10 U.S.C. § 1448(a)(2)(A). Under the SBP, the government bears a portion of the cost of maintaining the SBP for its participating members; after retirement from the service, the member's cost of participation is withheld from the participant's monthly retirement pay. 10 U.S.C. § 1452. Upon the death of the participating member, the benefits are dispersed to the designated beneficiary through a monthly annuity. 10 U.S.C. § 1450(a).

The Survivor Benefit Plan has undergone several amendments since its enactment in 1972. When first enacted, the plan did not expressly provide that a former spouse was an

---

**1.** "No life or health insurance contract upon an individual ... shall be made or effectuated unless at the time of the making of the contract the individual insured ... applies therefor, or has consented thereto in writing...." Maryland Code (1957, 1994 Repl.Vol.) Art. 48A, § 371.

eligible beneficiary, and participation by a former spouse was limited to circumstances where the former spouse retained an "insurable interest" in the participating service member. Recognizing the limited situations where a former spouse would retain an insurable interest in a former husband or wife, the unusual circumstances often facing a former spouse, and the need to provide a measure of financial protection to a former spouse in the event of termination of a marriage, Congress amended the SBP in 1982 to expressly authorize participants to elect to provide annuities to former spouses. 10 U.S.C. § 1448(b)(2). Significantly, however, the amendment provided that "[n]othing in this chapter authorizes any court to order any person to elect under section 1448(b) of this title to provide an annuity to a former spouse unless such person has voluntarily agreed in writing to make such election."

In 1986, Congress amended the SBP, deleting the provision requiring a voluntary written agreement for former spouse protection and inserting the language: "[a] court order may require a person to elect or to enter an agreement to elect . . . under section 1448(b) of this title to provide an annuity to a former spouse. . . ." 10 U.S.C. § 1450(f)(4). At issue today is whether this amendment confers authority upon Maryland courts to require a party to maintain a former spouse as the beneficiary of the SBP, or whether the Maryland General Assembly must enact enabling legislation to complement 10 U.S.C. § 1450 before Maryland courts may affect the military survivor benefits.

### III.

According to Mrs. Matthews, the language of 10 U.S.C. § 1450(f)(4) which authorizes any state court to enter an order requiring a person to elect to provide an annuity to a former spouse makes it clear that Congress intended courts of record of this State to have the power that 10 U.S.C. § 1450(f)(4) purports to grant. In response, Adm. Matthews maintains that it was the intent of Congress that, absent enabling legislation enacted by the Maryland Legislature, Maryland

courts are without authority to order service members to elect to provide an annuity to a former spouse under the SBP.

It is Adm. Matthews' position that 10 U.S.C. § 1450 merely permits a state court to order a person to designate a former spouse as a beneficiary without conferring authority on state courts to effectuate that power. Asserting that the authority of Maryland courts to adjust the property rights of spouses incidental to a divorce is derived solely from Maryland statutes, he further argues "that a Maryland divorce court has no power, unless conferred by the Legislature, to transfer property of either spouse to the other." He concludes that a court could order him to maintain Mrs. Matthews as a beneficiary only under the court's authority to transfer ownership interest in a pension or retirement plan pursuant to § 8–205 of the Family Law Article, which permits a court to transfer ownership interest in a pension, retirement, profit sharing, or deferred compensation plan. Conspicuously absent, he asserts, is the authority to order one spouse to name, retain, or designate the other spouse as beneficiary of a survivor benefit or annuity plan. Finally, Adm. Matthews maintains that because the SBP is "a right to receive an annuity; an insurance benefit," under Maryland statutory and case law, Maryland courts may not require a party to maintain a former spouse as a beneficiary of the SBP.

We agree with Mrs. Matthews that Maryland courts are vested with the authority to require Adm. Matthews to maintain her participation in the Survivor Benefit Plan. We shall explain.

### A.

The legislative history of 10 U.S.C. § 1450(f)(4) reveals that Congress intended to "provide state courts with the option of ordering military service members to participate in the Survivor Benefit Plan and to designate a former spouse as beneficiary as part of a divorce agreement." 1986 U.S.C.C.A.N. 6413, 6542. As one commentator notes, SBP's "were traditionally held immune from division by state courts.

In late 1986, however, Congress expressly changed the law. Under [§ 1450(f)(4)] state courts can now compel service members to elect or not elect certain persons as beneficiaries of their SBP's. Thus, SBP's are now divisible by state courts." Brett R. Turner, *Equitable Distribution of Property*, at 186 (1993 Cum.Supp.).

In accordance with 10 U.S.C. § 1450(f)(4), other states have recognized this authority to award survivor benefits to former spouses. In *Smith v. Smith*, 190 W.Va. 402, 438 S.E.2d 582 (1993), the trial court refused to designate the wife as the beneficiary of her former spouse's Survivor Benefit Plan. Reversing the trial court, the Supreme Court of Appeals of West Virginia recognized that, by the 1986 amendment to the SBP, "courts were authorized to order a military member to provide the annuity to a former spouse regardless of the intentions of the military member." *Id.* 438 S.E.2d at 584. The court remanded the case to the trial court with directions to enter an order designating the wife as the beneficiary of the former husband's SBP "in order to assure her continued support should her former husband predecease her." *Id.* 438 S.E.2d at 585.

In *Davis v. Davis*, 626 So.2d 111 (Miss.1993), the Supreme Court of Mississippi affirmed the chancellor's award which required the husband to maintain his former wife as a beneficiary of the Survivor Benefit Plan. The court noted that "[p]rior to the 1986 amendment to Title 10, U.S.C.A., § 1450(f)(3), the state court's authority to make this requirement absent voluntary agreement of the military personnel covered by the plan was questionable." *Id.* at 113. The court held that, in light of the 1986 amendment, the trial court had the authority to make such an award and, under the facts of the case, did not abuse its discretion in doing so. *Id.*

Similarly, in *Paul v. Paul*, 410 N.W.2d 329 (Minn.Ct.App. 1987), the Court of Appeals of Minnesota affirmed the trial court order which required the former husband to "within 30 days of the date hereof irrevocably re-elect the military Survivors Benefit Plan (SBP) naming [wife] herein as beneficiary

thereof." *Id.* at 330–31. The husband's claim of error was based on the pre–1986 language of 10 U.S.C. § 1450(f)(3) which required a voluntary agreement in writing before a spouse could be required to make such election. Rejecting the husband's argument, the Minnesota court relied on the federal grant of authority in the 1986 amendment as the sole basis for the order: "[§ 1450] permit[s] state courts to order persons to elect the SBP." *Id.* at 333.

Florida courts have also held, pursuant to 10 U.S.C. § 1450(f)(4), that a state court has the power to order that a military member maintain an annuity for a former spouse. In *Heldmyer v. Heldmyer,* 555 So.2d 1324 (Fla.Dist.Ct.App.1990), the Florida District Court of Appeal noted that Congress amended 10 U.S.C. § 1450(f)(4) to provide a trial court the discretion to order a spouse to maintain an annuity for a former spouse under the SBP. *Id.* at 1325. Likewise, in *Haydu v. Haydu,* 591 So.2d 655 (Fla.Dist.Ct.App.1991), the court stated that "[c]ontrary to appellant's assertion, trial courts have the discretion to order a spouse to maintain an annuity for a former spouse under the Survivor Benefit Plan." *Id.* at 657 n. 2.

In each of the above cases in which it was held that state courts have the power to require a party to maintain an SBP for the benefit of a former spouse, 10 U.S.C. § 1450(f)(4), standing alone, served as the basis for the decision. None of the courts in the above cases identify any state enabling legislation in support of their holdings, nor do they discuss the need for such legislation to enable a state court to have authority pursuant to 10 U.S.C. § 1450(f)(4). Indeed, in our own search of the law of each of those jurisdictions, we uncovered no state enabling legislation concerning the SBP.

Admiral Matthews directs our attention to *Wakefield v. Little Light,* 276 Md. 333, 347 A.2d 228 (1975), to support his argument that state enabling legislation is required to effectuate 10 U.S.C. § 1450(f)(4). In *Wakefield,* this Court was called upon to determine whether Maryland courts had jurisdiction over cases involving custody disputes among Native

Americans. A federal statute authorized states, with the consent of the native American tribe, to exercise jurisdiction over civil causes of action to which Native Americans were parties and which arose within the areas of Native American Country affected by the assumption of state jurisdiction. *Id.* at 342, 347 A.2d at 234. Another statute within the same subchapter, however, stated that "the provisions of this subchapter shall not become effective with respect to such assumption of jurisdiction by any such State until the people thereof have appropriately amended their State constitution or statutes, as the case may be." 25 U.S.C. § 1324. Because Maryland had not enacted, and the Native American tribe had not consented to, enabling legislation, this Court held that federal law did not grant Maryland courts jurisdiction over cases involving custody of Native American children. *Id.* at 342–43, 347 A.2d at 234.

It is manifestly clear from *Wakefield* that when Congress intends to require state enabling legislation for a federal statute to become effective within a state, it will expressly provide such an intention within the statutory scheme. We recognized this principle in *State v. Siegel,* 266 Md. 256, 292 A.2d 86 (1972), when we were called upon to determine whether the Federal Omnibus Criminal Control And Safe Street Act of 1968 could be implemented in Maryland. Writing for the Court, Judge Digges stated:

It is abundantly clear that the federal act is not self-executing as applied to the states. Under § 2516(2), the principal prosecuting attorney of any state or political subdivision, if "*authorized by a statute of that State* ", may apply "to a State court judge of competent jurisdiction for an order authorizing" the interception of wire or oral communications. That section also states that the issuing judge may grant the order "in conformity with section 2518 of this chapter and with the *applicable State statute . . . .*"

*Id.* at 271, 292 A.2d at 94 (emphasis in original). We held that Maryland's statutes which provided that a judge of the circuit court of any county could, upon application from the proper state official, issue an order allowing the interception of wire

or oral communications were the "applicable State statute[s]" as envisioned under § 2516(2) and that, as a consequence, the federal statute could properly be implemented in this state. *Id.* at 272, 292 A.2d at 95.

We thus find *Wakefield v. Little Light, supra,* distinguishable and Adm. Matthews' reliance upon it misplaced. Unlike the federal statutes at issue in *Wakefield* and *Siegel,* there is no provision within the SBP expressly requiring state enabling legislation. In the absence of such language, we find no intention on the part of Congress to require enabling legislation to effectuate the authority granted to state courts under 10 U.S.C. § 1450(f)(4). Furthermore, we find the language within § 1450(f)(4) that a court "may" require a person to name a former spouse as beneficiary of the SBP and the legislative history regarding the "option" of a state court to do so merely refers to the discretionary nature of an individual state court's decision in a particular case, not to the power of state courts in general to make such an award. Accordingly, we hold that 10 U.S.C. § 1450(f)(4) vests state courts with the power to require a participating member to designate a former spouse as a beneficiary under the SBP.

## B.

Admiral Matthews also argues that the Maryland Insurance Code precludes a court from ordering the election of a former spouse as the beneficiary of the SBP. It is his position that the SBP is a form of life insurance. He argues that, as a form of life insurance, Maryland Code (1957, 1994 Repl.Vol.) Art. 48A, § 371 and our decision in *Hopkins v. Hopkins,* 328 Md. 263, 614 A.2d 96 (1992), preclude the trial court from requiring him to maintain Mrs. Matthews as the beneficiary of his SBP.

In *Hopkins v. Hopkins, supra,* this Court considered whether Maryland courts have the power to compel a party to cooperate with a former spouse in obtaining a life insurance policy which names the former spouse as the beneficiary. We noted that § 371 of the Insurance Code requires the insured

to consent to the issuance of a policy of insurance on the insured's life. *Id.* at 270, 614 A.2d at 99. We traced the history of the meaning of "consent" under Maryland law and stated that "[a] court order requiring the proposed insured to cooperate with the efforts of a party with an insurable interest to obtain a policy of insurance on his life can not effect the consent contemplated by § 371." *Id.* at 275, 614 A.2d at 102.

We disagree with the circuit court and with Adm. Matthews' characterization of the SBP as life insurance and, thus, find that the *Hopkins* decision is not applicable to the facts of this case. Indeed, although Adm. Matthews argued the *Hopkins* case to the circuit court in his motion to reconsider and to this court in his brief, he conceded at oral argument that § 371 was not directly applicable to the SBP.

In Maryland, life insurance is defined as "insurance on human lives." Maryland Code (1957, 1994 Repl.Vol.) Art. 48A, § 63.[2] The Survivor Benefit Plan provides for a monthly annuity to be paid to a designated beneficiary following the death of a participating service member. Throughout the federal statute, the benefit interest is referred to as an annuity. "Annuities" are defined under Maryland Code (1957, 1994 Repl.Vol.) Art. 48A, § 65 as "all agreements to make periodical payments where the making or continuance of all or some of a series of such payments, or the amount of any such

---

**2.** Life insurance is further defined in § 63(2) of the Insurance Code as including "the granting of:

   (i) Endowment benefits;

   (ii) Additional benefits in the event of death by accident or accidental means;

   (iii) Additional disability benefits in the event of dismemberment or loss of sight;

   (iv) Additional disability benefits operating to safeguard the contract from lapse, or to provide a special surrender value, or special benefit, or annuity, in the event of total and permanent disability;

   (v) Benefits that provide reimbursement or payment for:

   (1) Long-term home health care; and

   (2) Long Term care in a nursing home or other related institution; and

   (vi) Optional modes of settlement of proceeds of life insurance; and

   (vii) Burial Insurance.

payment, is dependent upon the continuance of human life, *except payments made under the authority of § 63* [Definition of Life Insurance]." (emphasis added). Thus, annuities are expressly excluded from the definition of "life insurance" under the Insurance Code. In cases dealing with the SBP, courts have likened the SBP to an annuity or insurance, but have held that the SBP is not actually life insurance. For instance, in *Barros v. Barros,* 34 Wash.App. 266, 660 P.2d 770, *rev. denied,* 100 Wash.2d 1022 (1983), the Court of Appeals of Washington stated that "[w]hile the [SBP] is not technically life insurance, it is similar in nature." *Id.* 660 P.2d at 771. In *In re Marriage of Ziegler,* 207 Cal.App.3d 788, 255 Cal.Rptr. 100 (1989), the Court of Appeals of California referred to the SBP as "a form of annuity." *Id.* 255 Cal.Rptr. at 101 (footnote omitted). We find that the SBP is in the nature of an annuity, and that, consequently, we determine that it is not life insurance within the meaning of § 371 of the Insurance Code.

## IV.

Finally, we must address the trial court's failure to require Adm. Matthews to maintain Mrs. Matthews as the beneficiary of the SBP on grounds that the SBP was not marital property—that the benefits accrued prior to the marriage of the parties. Mrs. Matthews argues that marriage during a substantial period of active duty is not a prerequisite to the award of benefits under the SBP; therefore, although she married Adm. Matthews only two years prior to his retirement, she is still entitled to the survivor benefit portion of his retired pay. Admiral Matthews disagrees and argues that the SBP, derived from his non-marital pension, is not subject to equitable distribution. He asserts that "the powers conferred by the Legislature upon Maryland divorce courts as set forth in Md.Fam.Law Code Ann. §§ 8–201 *et seq.* are confined to 'marital property' and do not extend to non-marital property." Alternatively, he argues that if the SBP is subject to equitable distribution, the trial court actually exercised its discretion and declined to award the interest to Mrs. Matthews. We reject Adm. Matthews' arguments.

Turning first to the argument that requiring a designation of a beneficiary is actually transferring property from one spouse to another without statutory authority, we find that a court order requiring a party to designate a former spouse as a plan beneficiary does not constitute a transfer of property. In addressing the argument that a court does not have the power to award an interest in survivor benefits to a former spouse because the SBP was the member's separate property, earned in its entirety prior to the marriage, the California Court of Appeal likewise rejected the argument, holding that "the trial court did not award the survivor annuity plan to [the petitioner's former spouse], but, instead, ordered [the husband] to *maintain* that plan for her benefit as part of his spousal support obligation". *Ziegler*, 255 Cal.Rptr. at 102 (emphasis in original). Indeed, under the SBP, should the beneficiary predecease the participating member, the member retains the right and interest in the benefit to designate a different beneficiary.

We recognize that other courts have characterized the SBP as a separate and distinct property interest, *In re Marriage of Lipkin*, 208 Ill.App.3d 214, 153 Ill.Dec. 122, 125, 566 N.E.2d 972, 975 (1991), as similar in nature to life insurance, *Barros*, 660 P.2d at 771, as a form of an annuity, *Ziegler*, 255 Cal.Rptr. at 101, as a marital asset, *Lipkin*, 153 Ill.Dec. at 125–26, 566 N.E.2d at 975–76, as incident to the marital relationship, *Pleasant v. Pleasant*, 97 Md.App. 711, 725, 632 A.2d 202, 209 (1993), or as part of a spousal support obligation, *Ziegler*, 255 Cal.Rptr. at 102. Admiral Matthews asserts in his brief before us that the SBP is neither property, nor is it an interest in a pension or retirement plan. Our holding that the circuit court has the power to order Adm. Matthews to maintain his former wife as a beneficiary under the plan does not require us to characterize the nature of the interest. If it is property, it gets its form of property from the federal statute. If it is a property right, it is one subject to *all* the conditions of the statute that created it—*one of which is that the state court may order the member to designate a beneficiary*. The circuit court, a court of general jurisdiction, has

the authority to effectuate the Congressional grant of power under the federal statute.

Admiral Matthews alternatively asserts that, assuming the court had the authority to require him to maintain Mrs. Matthews as the beneficiary of the Survivor Benefit Plan, the court did not abuse its discretion in failing to do so under the facts of this case. Because the trial court held that it did not have the power to require Adm. Matthews to maintain Mrs. Matthews as the beneficiary of the SBP, we find that it did not exercise its discretion in this case. It is well settled that a trial court must exercise its discretion in accordance with correct legal standards. *Alston*, 331 Md. at 504, 629 A.2d at 74. Thus, even if the trial court did exercise its discretion, we would find that it did so under an improper legal standard.

In sum, we hold that the trial court erred in its determination that it lacked the authority to require Adm. Matthews to designate Mrs. Matthews as the beneficiary of the Survivor Benefit Plan. Upon remand, the court shall consider only whether it is equitable to order Adm. Matthews to maintain Mrs. Matthews as the beneficiary. In this case, it is unnecessary for the trial court to consider what effect, if any, such designation may have on the alimony award or marital award because neither party suggested or argued that this decision would have any impact on that judgment.

*JUDGMENT OF THE CIRCUIT COURT FOR ST. MARY'S COUNTY VACATED IN PART. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.*