653 A.2d 994

**Donald Wayne CALDWELL**

v.

**Connie Ann CALDWELL.**

**No. 837, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

Feb. 13, 1995.

Dorothy R. Fait (Fait & Malament, on the brief), Rockville, for appellant.

Alan D. Massengill (Lauri McEntire, on the brief), Gaithersburg, for appellee.

Argued before ALPERT, WENNER and HARRELL, JJ.

WENNER, Judge.

Appellant, Donald Wayne Caldwell, appeals from a judgment of absolute divorce entered by the Circuit Court for Frederick County, in favor of appellee, Connie Ann Caldwell. On appeal, appellant asks:

1. Whether the circuit court erred in awarding each party the full amount of the others' survivor benefit rather than the marital portion of the survivor benefit?

2. Whether the circuit court erred in awarding the appellee $1,000.00 per month in indefinite alimony when an unconscionable disparity did not exist between the parties?

3.  Whether the circuit court erred in awarding appellee attorney's fees when the financial resources of the parties were roughly equal?

Finding no error, we shall affirm the judgment of the circuit court.

## FACTS

The parties were married on 4 December 1966 in Libertytown, Maryland. During the early years of their marriage they lived in Europe while appellant was a member of the United States Air Force. Upon returning to the United States, the couple lived in College Park, Maryland. Appellant attended the University of Maryland at College Park, and in 1978 earned a Ph.D. in mechanical engineering. The parties returned to Frederick County in 1980, where they remained until their separation.

Both parties were employed during their marriage. Appellant is currently employed at Fort Detrick, with an annual salary in excess of $70,000. Appellee is employed at the National Institutes of Health, with an annual salary of $31,000.

In the summer of 1990, appellant began an affair that lasted until March 1992. As a result, appellee filed a complaint in the Circuit Court for Frederick County on 11 June 1992 seeking a divorce, alimony, property division, and attorney's fees. The trial court entered a judgment of absolute divorce in favor of appellee on 8 October 1993, and issued a court order acceptable for processing (COAP). The COAP provided:

> ORDERED, that if the Participant predeceases the Former Spouse, whether before or after the Participant's retirement, the Former Spouse shall be entitled to 100% of the maximum Civil Service survivor annuity benefit payable to a spouse or former spouse for the duration provided by applicable law; and, it is further,

> ORDERED, that the Participant shall promptly designate the Former Spouse as the survivor of the Former Spouse Survivor Annuity benefit and that [she/he] shall be treated

as the surviving spouse of the Participant with respect to the maximum survivor annuity benefit and shall receive one hundred percent (100%) of the survivor annuity benefits. The Participant shall promptly prepare and deliver to the Office of Personnel Management ... written instructions that implement the survivor annuity benefit and shall promptly send written confirmation of such action to the Former Spouse. The parties were married on the 4th day of December, 1966 and the Participant has not yet retired. Thus, the survivor annuity is appropriately granted under 5 CFR Section 831.1704.[1]

Under the COAP, the parties would split the costs of the respective survivor annuities. The trial court also awarded appellee indefinite alimony of $1,000 monthly, and attorney's fees of $11,650.

This appeal followed.

## DISCUSSION

### *Survivor Annuity Benefits*

Appellant first contends that the manner in which the trial court awarded each party's survivor annuity benefits conflicts with our decisions in *Pleasant v. Pleasant,* 97 Md.App. 711, 632 A.2d 202 (1993); *Heyda v. Heyda,* 94 Md.App. 91, 615 A.2d 1218 (1992); and, *Bangs v. Bangs,* 59 Md.App. 350, 475 A.2d 1214 (1984). Specifically, appellant asserts that the trial court erred in awarding full survivor annuity benefits to each of them, entitling the former spouse to benefits accruing after the marriage ended.

### A.

As a preliminary matter, we note that the purpose of a survivor annuity benefit is to protect the named beneficiary financially in the event of the death of the employee. Under 5

---

1. 5 C.F.R. §§ 831.1701–1718 has been redesignated as §§ 838.1001–1018 (Subpart J).

U.S.C. § 8341(h)(1) and 5 C.F.R. § 838.101(a)(1), in the event of a divorce, annulment, or legal separation, a court[2] is authorized to order an employee to effect a survivor annuity benefit, naming the employee's former spouse as beneficiary. A former spouse is "a living person who was married for at least 9 months to an employee or retiree who performed at least 18 months of civilian service covered by CSRS ... and whose marriage to the employee or retiree was terminated prior to the death of the employee or retiree." 5 C.F.R. § 838.103. As we explained in *Pleasant*, a former spouse's survivor annuity benefit may be calculated in one of two ways: (1) as a percentage of the gross employee annuity, not to exceed 55 percent; or (2) as a percentage of the "maximum survivor annuity."[3]

▮▮ The court may further decide who should bear the cost of the survivor annuity benefit during the life of the employee. The cost of maintaining the survivor annuity benefit is reflected in the total pension annuity. When a survivor annuity benefit has been either elected or ordered, the total pension annuity is reduced by 2½% of the first $3,600 plus 10% of the remaining amount. 5 U.S.C. § 8339(j)(4). If the named beneficiary either remarries before age 55 or dies, the employee may designate a new beneficiary. In any event, "[a] determination that the cost of the survivor annuity is to be borne in full or in part by the employee is neither an abuse of discretion, nor an award of non-marital earnings." *Pleasant, supra,* 97 Md.App. at 729, 632 A.2d 202. If the court does not designate who bears the cost, the Office of Personnel Management presumes that the court intended that the cost be deducted from the employee's pension annuity. See 5 C.F.R. § 838, Subpt. I, App. A, P 801. "If the former spouse's share

---

**2.** Subsection 8341(h)(7) explains that " 'court' means any court of any State, the District of Columbia, the Commonwealth of Puerto Rico, Guam, the Northern Mariana Islands, or the Virgin Islands, and any Indian court."

**3.** A "maximum survivor annuity" is 55% of the total employee annuity. See 5 C.F.R. § 838.711(a); 5 C.F.R. § 831.641(a).

is to be based upon the *gross annuity,* the cost of the survivor benefit is shared between the employee and the former spouse." *Pleasant, supra* at 729, 632 A.2d 202.

## B.

We begin by considering whether a former spouse's share of a survivor annuity benefit must represent the marital share of the pension. In other words, is the court bound by the *Bangs* formula, as modified by *Pleasant, supra,* or may the court order that a former spouse receive an equitable share of the survivor annuity benefit. It is interesting to note that both parties cite *Pleasant* in support of their respective positions. In *Pleasant,* however, we were neither asked, nor did we directly address, the specific question here presented. Nonetheless, we noted that

it is within the trial court's discretion to award a former spouse survivor annuity in conjunction with an "if, as and when" payment, and to determine the method of payment for the survivor annuity. A determination that the cost of the survivor annuity is to be borne in full or in part by the employee is neither an abuse of discretion, nor an award of non-marital earnings. The former spouse's share of the annuity payment is a return to the non-employee spouse of his/her share of the marital portion of the pension.

*Id.* at 729, 632 A.2d 202.

According to appellant, *Pleasant* limits a former spouse to no more than the marital share of a survivor annuity benefit and makes it mandatory for a court expressly to determine how the cost of the survivor annuity benefit is to be borne. Appellant is wrong. In *Pleasant,* we were asked whether a court had authority to award a survivor annuity benefit to guarantee the former spouse's financial well being upon the employee's death. We concluded that the "right to a survivor annuity is incident to the marital relationship," and thus marital property over which a court has authority. *Id.* at 725, 632 A.2d 202. We also said that

it is within the discretion of the trial judge to order that a former spouse survivor annuity be provided so as to continue the protection of the spouse's interest in the marital portion of the pension previously provided by the spousal survivor annuity.

*Id.* From this language, appellant apparently construes that a court may award no more than a marital share of the survivor annuity benefit. We reiterate, however, that we were not in *Pleasant* presented with the question here presented. In short, *Pleasant* is of no help to appellant.

Appellant also relies upon *In re Marriage of Blackston,* 258 Ill.App.3d 401, 196 Ill.Dec. 606, 630 N.E.2d 541 (5 Dist.1994). Although the *Blackston* court concluded that a former spouse is only entitled to the marital share of the survivor annuity benefit, we find *Blackston* unpersuasive. In reaching its conclusion, the *Blackston* court said:

> The final point [husband] raises for our consideration is the trial court's allocation of the former-spouse-survivor annuity. The trial court's order directed:
>
>> [Wife] shall receive a Former Spouse Survivor Annuity equal to 48.5% of Petitioner's annuity and the costs associated with providing the Former Spouse Survivor Annuity shall be deducted from [wife]'s share of [husband]'s monthly retirement benefits. The Court has calculated the Former Spouse Survivor Annuity by multiplying 88.1% times 55%, which is the maximum Survivor Annuity amount.
>
> [Husband] argues that the court's award of 48.5% is erroneous. He maintains that the court awarded [wife] 88.1% of the entire former-spouse-survivor benefit, and because the parties were married 88.1% of the time [husband] has been in the CSRS, [wife]'s award is the equivalent of a 100% interest in the annuity. This, [husband] argues, is inequitable because it gives [wife] a benefit that will accrue or increase in value, due to his postdissolution earnings and labor. [Husband] also contends that the allocation of 88.1% of the annuity to her denies him the opportunity to allocate

the majority of the annuity to a future spouse or to his children.

> We agree. While the trial court was correct to order [wife] to receive a former-spouse-survivor annuity, it abused its discretion in awarding 88.1% of it to [wife]. On the pension itself the trial court found the coverture apportionment to be .88 and attributed 50% of that, or .44, to [wife]. The attribution of a similar amount on the survivor-spouse annuity would be more appropriate under the circumstances of this case.

*Blackston, supra,* 196 Ill.Dec. at 611–612, 630 N.E.2d at 546–547.

We believe that the *Blackston* court confused the issue, as does appellant. It appears that both the *Blackston* court and appellant would divide the pension annuity and the survivor annuity benefit in the same manner. In effect, the *Blackston* court calculated the marital portion of the survivor annuity benefit and awarded one half to the employee and one half to the former spouse. Unlike the pension annuity, however, an employee may not retain a portion of a survivor annuity benefit. As a survivor annuity benefit is not available until the death of the employee (hence, the term *survivor* annuity), no portion of the survivor annuity benefit will ever be available to the employee.

The Court of Appeals first adopted the "if, as and when" method in *Deering v. Deering,* 292 Md. 115, 437 A.2d 883 (1981), relying on *Bloomer v. Bloomer,* 84 Wis.2d 124, 267 N.W.2d 235 (1978). In *Bloomer,* the Wisconsin Supreme Court explained that the "if, as and when" method has been widely used to "determine a fixed percentage for [the wife] of any future payments *[the husband] receives* under the plan, payable to her as, if, and when paid to [the husband]." *See Deering, supra* 292 Md. at 130–131, 437 A.2d 883 (emphasis added). Thus, the "if, as and when" method is appropriate only to payment sums to be received by a former spouse in the future, sums that are not determinable at the time of divorce.

■ In our view, the "if, as and when" method contemplated in *Deering* and *Bangs* is not appropriate for the payment of a survivor annuity benefit. As we have noted, the "if, as and when" method applies only to a former spouse's total pension annuity. *See Deering, supra; See also Hoffman v. Hoffman*, 93 Md.App. 704, 614 A.2d 988 (1992). As we have also noted, a survivor annuity benefit does not become available until the death of the former employee/spouse. Consequently, the trial court did not abuse its discretion.

■ Nonetheless, as we have concluded in *Pleasant* that a survivor annuity benefit is incident to the marital relationship,[4] we must determine the appropriate method for awarding a survivor annuity benefit. This presents us with two possibilities. The first is the method used by the *Blackston* court. The *Blackston* court determined the former spouse's share of the survivor annuity benefit by multiplying the marital portion of the total pension annuity by 55%, the maximum attributable to the survivor annuity benefit. This, however, limits the former spouse to no more than the marital portion of the survivor annuity benefit.

We next turn to *Matthews v. Matthews*, 336 Md. 241, 250–251, 647 A.2d 812 (1994). In *Matthews*, the Court of Appeals considered the Survivor Benefit Plan (SBP) available to members of the armed services pursuant to 10 U.S.C. §§ 1447–1455 (1988 & 1994 Supp.). The SBP permits state courts to order a plan participant to maintain a survivor benefit plan naming a former spouse as beneficiary. First, the Court concluded that the SBP grants state courts authority, requiring no state enabling legislation. Second, and more important to the case at hand, the Court concluded that an SBP order does not constitute a transfer of property. *Id.* at 253, 647 A.2d 812. Rather,

---

**4.** *See Pleasant v. Pleasant, supra,* 97 Md.App. at 725, 632 A.2d 202 ("We thus find that the right to a survivor annuity is incident to the marital relationship, and that such a right, analogous to the right to pension benefits themselves, falls within the definition of marital property....").

[i]n addressing the argument that a court does not have the power to award an interest in survivor benefits to a former spouse because the SBP was the member's separate property, earned in its entirety prior to the marriage, the California Court of Appeal likewise rejected the argument, holding that 'the trial court did not award the survivor annuity plan to [the petitioner's former spouse], but, instead, ordered [the husband] to maintain that plan for her benefit as part of his spousal obligation.' *In re the Marriage of Ziegler,* [207 Cal.App.3d 788], 255 Cal.Rptr. 100, 102 (1989). Indeed, under the SBP, should the beneficiary predecease the participating member, the member retains the right and interest in the benefit to designate a different beneficiary.

*Id.* at 253, 647 A.2d 812. Even though the Court declined to characterize the nature of the interest created, it said that "[i]f [a survivor benefit plan] is a property right, it is one subject to all the conditions of the statute that created it—*one of which is that the state court may order the member to designate a beneficiary.* The trial court, a court of general jurisdiction, has the authority to effectuate the Congressional grant of power under the federal statute." *Id.* at 253–254, 647 A.2d 812.

We glean from *Matthews* that a trial court may order an employee to maintain a survivor annuity benefit inuring to the benefit of the former spouse, and that the survivor annuity benefit should be considered not as a division of marital property, but as part of the spousal support obligation. Thus, the *Bangs* formula is inappropriate under such circumstances, and a spousal annuity benefit is limited to the marital portion of the pension annuity. Therefore, the award of a survivor annuity benefit is within the sound discretion of the trial court, provided it does not exceed 55% of the total pension annuity.

Here, we believe this to be the appropriate treatment of survivor annuity benefits. As the employee's obligation for support ceases upon his or her death, an assertion to the contrary is without merit. As the California Court of Appeal put it in *Ziegler, supra,* "[U]nder the order [to maintain a survivor annuity benefit], [the employee's] obligation to pro-

vide support (the payments on the annuity) does cease at [the employee's] death; once he dies, the government will have a contractual obligation to make payments to [the former spouse]." *Id.*, 255 Cal.Rptr. at 102. We also point out that, under the federal statutes the former spouse's right to receive the SBP does not depend upon the length of the former spouse's marriage to the employee, during which the employee was contributing to the pension fund, provided the former spouse is otherwise qualified. Although a trial court may not out-of-hand order a survivor annuity benefit to be maintained, it may determine a fair and equitable amount. In other words, there was no abuse of discretion.

### Indefinite Alimony

Appellant also contends that the trial court abused its discretion in awarding appellee indefinite alimony.[5] Maryland Code § 11–106 of the Family Law Article provides what must be considered before awarding indefinite alimony. In determining whether alimony is appropriate, a court must first consider the factors enumerated in § 11–106(b). A court must then ascertain whether indefinite alimony is warranted. *See,* § 11–106(c). Indefinite alimony may be awarded if the trial court finds that:

> (1) due to age, illness, infirmity, or disability, the party seeking alimony cannot reasonably be expected to make substantial progress toward becoming self-supporting; or

> (2) even after the party seeking alimony will have made as much progress toward becoming self-supporting as can reasonably be expected, the respective standards of living of the parties will be unconscionably disparate.

In the present case, the trial court awarded appellee indefinite alimony upon concluding that the parties' standards of living were unconscionably disparate. According to appellant, the trial court abused its discretion in awarding indefinite alimony

---

**5.** In support of his position, appellant relies almost solely on cases in which awards of indefinite alimony were affirmed where the disparity between incomes was greater than that in the case at hand.

because appellee's income is equal to 43% of that of appellant. Thus, appellant contends, in awarding indefinite alimony, the trial court was endeavoring to bring appellee's standard of living up to that which she would have enjoyed had their marriage continued.

We find this unpersuasive. In the first place, there is no bright line for determining the propriety of an award of alimony. Rather, as the Court of Appeals said in *Alston v. Alston,* 331 Md. 496, 507, 629 A.2d 70 (1993), "no hard and fast rule can be laid down, and . . . each case must depend upon its own circumstances to ensure that equity be accomplished." Moreover, it is clear from the record before us that the trial court awarded indefinite alimony after determining that the parties' lifestyles following the divorce were unconscionably disparate. Since the trial court considered the factors contained in § 11–106, we do not perceive that the trial court abused its discretion.

### *Attorney's Fees*

█ Finally, we shall address appellant's contention that the trial court erred in awarding attorney's fees because the parties' financial resources were roughly equal. In view of our holding that the trial court had not abused its discretion in awarding indefinite alimony, we need not tarry long. In support of his position, appellant directs our attention to *Wassif v. Wassif,* 77 Md.App. 750, 551 A.2d 935, *cert. denied,* 315 Md. 692, 556 A.2d 674 (1989), in which we said:

> Just because the marital assets which were owned by the parties at the time of the divorce were divided equally hardly means that the Wife is in an equal position to pay (or, for that matter, should have been required to pay) her attorneys' fees. . . .

*Id.* at 765, 551 A.2d 935. As "an award of indefinite alimony illustrated the need of defending [appellee's] interest in the case," *Hollander v. Hollander,* 89 Md.App. 156, 177, 597 A.2d 1012 (1991), there was no error.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.