In re the Marriage of Jeannette M. DOHERTY, Petitioner, Respondent,

v.

John T. DOHERTY, Appellant.

No. CO–85–2365.

Court of Appeals of Minnesota.

May 27, 1986.

Dennis J. Korman, Newby, Korman, Lingren & Newby, Ltd., Cloquet, for respondent.

Leonard A. Wilson, Jr., Cloquet, for appellant.

Considered and decided by WOZNIAK, P.J., and HUSPENI and RANDALL, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

John Doherty appeals from a judgment awarding respondent Jeannette Doherty $500 a month permanent spousal maintenance plus 50% of appellant's net taxable income over $14,000 and ordering appellant to pay $1,500 of respondent's attorney's fees. Appellant argues that the trial court abused its discretion by (1) awarding respondent permanent spousal maintenance, and (2) awarding respondent attorney's fees. We affirm.

## FACTS

The parties' 31-year marriage was dissolved in October 1985. At the time of the dissolution appellant was 55 years old and respondent was 54 years old. The parties

have six children all of whom are over 18 years old and living away from home.

The trial court found that respondent was disabled from substantial gainful employment because she has multiple sclerosis. Although she had worked part time in the past, she has not been employed since 1977. Respondent testified that she has made an effort to find work in the community but her health problems make it difficult to find a suitable position. At present respondent's only income is her Social Security disability benefit which is $320 a month.

Respondent introduced into evidence medical records that showed she has had increasing health problems since the spring of 1974 and that these problems have been denoted as multiple sclerosis or demyelinating disease. Respondent has been hospitalized numerous times with an average stay of approximately two weeks. She always has difficulty walking. When her condition is at its best she must use a cane. When her condition is aggravated she must use a walker. She suffers from fatigue and weakness. Her condition requires that she take several medications.

Appellant owns a trucking business and contracts out to other trucking companies. He testified that he has contracted exclusively with one trucking company for the last six years and that the company recently lost its largest customer. He claimed that this loss has caused a substantial decrease in his own profitability. The trial court found:

> That [appellant] has not been employed in good faith for the six to nine months immediately preceding trial. That [appellant] has a proven capability of earning $1,200.00—$1,400 per month.

The trial court awarded respondent the homestead valued at $38,000 less an $8,000 encumbrance with instructions to put the property up for sale within one year. Appellant was awarded an $8,000 lien on this property. Appellant was also awarded the warehouse he owned for his business, his truck, an IRA and two life insurance policies.

## ISSUES

1. Did the trial court abuse its discretion by awarding respondent permanent spousal maintenance of $500 per month plus 50% of appellant's net income over $14,000?

2. Did the trial court abuse its discretion by awarding respondent $1,500 for her attorney's fees?

## ANALYSIS

### I.

### Award of Permanent Maintenance

Appellant argues that the trial court abused its discretion when it awarded respondent permanent spousal maintenance of $500 a month plus 50% of appellant's annual net taxable income in excess of $14,000.[1]

A trial court has broad discretion in awarding spousal maintenance and this court will not disturb an award of maintenance absent an abuse of discretion. *Taylor v. Taylor*, 329 N.W.2d 795, 797 (Minn. 1983). Related findings of fact will also be upheld unless clearly erroneous. *Kottke v. Kottke*, 353 N.W.2d 633, 635 (Minn.Ct.App. 1984), *pet. for rev. denied*, (Minn. Dec. 20, 1984).

▪ A trial court may grant maintenance for either spouse if it finds that the spouse seeking maintenance:

(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs, * * * and

(b) Is unable to adequately support himself after considering all relevant circum-

---

1. We note that this type of award, which may require the trial court to annually review a party's earnings, creates added expense and litigation for the parties concerned and is not the most judicially efficient approach to such problems. Further, we note that the payment to respondent of 50% of appellant's annual net taxable income in excess of $14,000 may at some point be subject to a cap.

stances through appropriate employment * * *.

Minn.Stat. § 518.552, subd. 1 (1984). In determining the amount of a maintenance award the trial court must essentially balance the needs and resources of the spouse receiving maintenance against the financial resources of the spouse providing the maintenance. *See Novick v. Novick,* 366 N.W.2d 330, 334 (Minn.Ct.App.1985).

First, appellant argues that the trial court was clearly erroneous in finding that respondent suffered from multiple sclerosis and could not adequately support herself. We cannot agree. Respondent submitted medical records that provided the trial court with substantial evidence to support its findings both as to respondent's disease and as to her inability to adequately support herself. She is 55 years old, she has been involved in a long-term marriage, her job skills are presently outmoded and there is a limited job market in the area where she resides. Her only income is $320 a month plus the sum she will receive from the sale of the homestead. Under these facts the trial court did not abuse its discretion in awarding respondent permanent spousal maintenance. *See Arundel v. Arundel,* 281 N.W.2d 663, 666 (Minn.1979); *Abuzzahab v. Abuzzahab,* 359 N.W.2d 12, 14 (Minn.1984).

Second, appellant argues that the trial court was clearly erroneous in finding that appellant had an earning capacity between $1,200 and $1,400 per month. The trial court is uniquely situated to judge the truthfulness of witnesses and its determinations are not disturbed on appeal absent a definite and firm conviction that a mistake has been made. *Corwin v. Corwin,* 366 N.W.2d 321, 325 (Minn.Ct.App.1985).

The trial court found that the earnings from appellant's business took a marked plunge from approximately $1,200 to $1,400 per month to $293 per month in the fourth quarter of 1984 when the dissolution proceedings were initiated. The trial court also found that appellant had not been employed in good faith for the six to nine months immediately preceding trial.

Appellant had the opportunity at the hearing to explain what employment efforts he had been making. He could describe only two opportunities he had considered and gave no evidence to show that he had been actively pursuing these leads. We cannot say that the trial court was in error in determining appellant's potential earning capacity. *See Margeson v. Margeson,* 376 N.W.2d 269, 273–74 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Dec. 30, 1985).

## II.

### Attorney's Fees

Appellant argues that the trial court abused its discretion when it awarded respondent $1,500 for attorney's fees. An award of attorney's fees is almost entirely within the discretion of the trial court. *Solon v. Solon,* 255 N.W.2d 395, 397 (Minn. 1977). The record shows that respondent's resources are indeed limited and the $1,500 award represents only a portion of the fees. The trial court acted within its discretion when awarding these fees.

### DECISION

The trial court did not abuse its discretion in awarding respondent permanent spousal maintenance and attorney's fees.

Affirmed.