**In re the Marriage of Gerald Anthony BOURASSA, Petitioner, Appellant,**

v.

**Beverly Ann BOURASSA, Respondent.**

**No. C3–91–1252.**

Court of Appeals of Minnesota.

Feb. 18, 1992.

Mark W. Benjamin, Parker, Satrom, O'Neil, Lindberg & McKinnis, Cambridge, for petitioner, appellant.

Steven A. Sicheneder, Jennings, DeWan, Sicheneder & Anderson, North Branch, for respondent.

Considered and decided by NORTON, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The trial court awarded maintenance in the amount of "40% of gross income from whatever source." We remand for a determination of maintenance in a dollar amount.

## FACTS

The parties' twenty-nine year marriage was dissolved in 1990 by a stipulated judgment and decree. The issues of spousal maintenance and attorney fees were reserved for a later date because appellant Gerald Bourassa was then unemployed. These proceedings were brought to resolve these issues.

The trial court made findings of fact relating to (1) appellant's current income and his earning capacity, (2) respondent's inability to work, and (3) the parties' current economic needs. Specifically, the trial court found:

1. Appellant had the capacity to earn at least $15,000 per year. At nearly the same time appellant filed this action for dissolution, appellant left the employ of the V.F.W. where he worked as a manager and bartender and earned $17,000 per year.[1] Immediately thereafter, he attended classes to become a small engine repair mechanic. Since that time, he has been seasonally unemployed and in 1990, he earned slightly more than $4,500 from his new trade. At the time of trial, he received $119 per week in unemployment compensation, but those benefits were to be terminated soon.

2. Appellant required $265.70 per month for living expenses. Appellant currently lives with his mother and testified that he pays her $250 per month in rent, although he had difficulty proving that he actually made regular rent payments.[2] Similarly, while he testified that he had borrowed some $2,400 from his brother to buy a new car, no evidence was introduced to support this claim.

3. Respondent required $459.50 per month for living expenses. Respondent currently lives on the marital homestead. Respondent is unlikely to find work because she is 60 years old and lacks skills. She receives $203 per month from general assistance, $105 per month from food stamps, and fuel assistance. Respondent does not qualify for social security in her own right, and has no financial resources outside her equity in the marital homestead. Since the separation, appellant has contributed nothing to respondent's support. Occasionally, respondent has had to ask relatives for money in order to meet monthly expenses.

Based on these findings, the trial court awarded respondent maintenance in the sum of "40% of [appellant's] gross monthly income from whatever source, including and not limited, to salary and unemployment compensation." The trial court also ordered that appellant provide respondent with proof of employment and salary rate with each month's maintenance payment.

## ISSUE

Did the trial court abuse its discretion by awarding permanent spousal maintenance in the amount of forty percent of appellant's income?

## ANALYSIS

The trial court has broad discretion in awarding spousal maintenance and its determination of the amount of spousal main-

1. Appellant claimed that a back injury he received from a previous job had been aggravated and that he could no longer perform his duties. The trial court made no mention of this fact, merely stating that appellant "no longer wanted to work as a bartender."

2. In some months, his check registers did not show withdrawals in excess of $250.

tenance will not be disturbed on review unless the court abused its discretion. *Erlandson v. Erlandson*, 318 N.W.2d 36, 38 (Minn.1982). Likewise, unless the trial court's findings related to an award of maintenance are clearly erroneous, we will not disturb them. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984). The discretion of the trial court must be examined in light of the controlling standards contained in Minn.Stat. § 518.552 (1990).

A trial court may award spousal maintenance if the court finds the spouse seeking maintenance lacks sufficient resources to provide for reasonable needs. Minn.Stat. § 518.552, subd. 1(a). In determining the amount and duration of the maintenance award, the court must consider the needs and resources of each party, taking into account the duration of the marriage, the standard of living established during the marriage, benefits foregone during the marriage by the party seeking maintenance and contributions of each spouse to the acquisition and preservation of marital property. Minn.Stat. § 518.552, subd. 2. Although there are seven statutory factors, "the issue is basically the financial needs of [respondent] and her ability to meet those needs balanced against the financial condition of [appellant]." *Erlandson*, 318 N.W.2d at 39–40. Additionally, we note that while the statute does not expressly address the feasibility of a percentage award, it does direct determination of the "amounts" of maintenance. Minn.Stat. § 518.552, subd. 2.

■ Appellant contends that a percentage award of spousal maintenance does not adequately address the present needs and resources of the parties. This contention is valid in the circumstances of this case. Percentage awards of spousal maintenance are often inadequate for a number of reasons.

First, such an award commonly is not responsive to the relative needs of the par-

ties. To be responsive, the court must compare the relative needs and resources of the parties. *Manore v. Manore*, 408 N.W.2d 883, 888 (Minn.App.1987). Otherwise, as this court noted in *Manore*, "the security and predictability afforded respondent by the terms of the maintenance provision are fragile, indeed." *Id.; see Kunkle v. Kunkle*, 51 Ohio St.3d 64, 70, 554 N.E.2d 83, 89 (1990) (percentage awards do not take into consideration obligee's needs or obligor's ability to pay); *cf. Poindexter v. Poindexter*, 142 Wis.2d 517, 530–31, 419 N.W.2d 223, 228 (1988) (percentage award only valid where such an award is responsive to statutory factors).

■ Even more troubling, however, such an award exposes both parties to periodic modification of the support obligation without regard for standards established by Minn.Stat. § 518.64 (1990). That statute provides that a support award may be modified if the circumstances of the parties have changed, justifying such a modification. Minn.Stat. § 518.64, subd. 2. Modification is premised upon reconsideration of statutory factors under section 518.552, and requires the court to balance the needs and resources of the parties just as it did at the time of the original award. Minn.Stat. § 518.64, subd. 2. Here, appellant's support obligation will be increased or decreased solely on the basis of his income, without consideration of respondent's resources or the needs of either party.

We remand this case to the trial court for a determination of a specific amount of maintenance. Our holding is confined to the facts of this case, where the obligor's ability to pay is limited and variable. No doubt there are other circumstances where the percentage award involves fewer dangers to either party.[3]

■ Although the trial court did not set an amount for maintenance, it did make a finding of fact that appellant had the ability to earn $15,000 per year, should he

---

**3.** We particularly distinguish the present case from those cases in which the obligor is required to pay a percentage of bonus income to a spouse on top of a fixed sum maintenance award. Even with these obligations we have

noted that the awards may be subject to a cap once the award was no longer responsive to the parties' circumstances. *Doherty v. Doherty*, 388 N.W.2d 1, 2 n. 1 (Minn.App.1986).

desire to do so. Appellant contends that the court cannot establish a support obligation on this finding in the absence of a finding that he was underemployed in bad faith. This is true. *See Doherty*, 388 N.W.2d at 3 (finding that husband was unemployed in bad faith for six months preceding trial held to justify maintenance award based on earning capacity). On remand, should the trial court wish to make an award of maintenance based upon appellant's earning capacity, there must be a finding of bad faith.

Appellant also questions various findings, including respondent's ability to work. The record includes adequate evidence to support the trial court's findings of fact on these issues.

## DECISION

In the circumstances of this case, a maintenance award of a percentage of the obligor's income neither adequately responds to the standards declared under Minn.Stat. § 518.552, nor preserves the effect of standards and process governed by Minn.Stat. § 518.64. Thus, we reverse the trial court and remand the case for a determination of a specific amount of maintenance.

Reversed and remanded.