At the time of the divorce, both parties were fifty-two years old, had an upper middle class station, and had been married for twenty-nine years. The husband was a partner in a large law firm and the wife, a high school graduate, was unemployed. She had worked as a bank teller prior to and during the first year of their marriage, but after she became pregnant with the parties’ first child, did not work outside the home. The children are now grown. The judge made the requisite findings taking into account all of the appropriate factors under G. L. c. 208, § 34.
The husband complains that he did not get a full and fair hearing because the judge prejudged the case, deciding almost at the beginning of the trial to award as alimony a percentage of the husband’s income. Because of that prejudgment, the husband argues, the judge refused to allow him to explore adequately his billable hours, his future economic prospects, the wife’s earning potential, or her veracity as to her expenses. There was considerable evidence on all of these matters, but, more to the point, there were two important circumstances made known to the judge before he indicated that he intended to award a percentage of the husband’s income. First, the husband was about to undergo a serious operation, and it was uncertain how much he would be able to work. Second, there had been evidence that the husband’s compensation from his law firm had considerable fluctuations. He had testified that his 1992 income was fifty to sixty thousand dollars lower than in 1991, and he projected his 1993 income to drop even more significantly. Indeed, counsel for the husband (not the same counsel as represents him on appeal) pointed out in his opening statement that the case had some unusual factors which the court would have to consider, one of which is the “uncertainty as to the degree of continuity of Mr. Wooters’ income in the future” because of his health.[1]
Rather than having a closed mind, the judge recognized the difficulties in *846 this case of a fixed dollar award. The exhibits and subsequent testimony bore out the judge’s concern about the husband’s fluctuating income. Between 1985 and 1992, the year before trial, the husband’s income had varied between a low of $176,000 to a high of $312,000.
The judge did not show bias in suggesting that he would not impute income to the wife just because she, a woman of fifty-two, was taking a few college courses, and that the husband was welcome to seek modification, if the wife became employed. Moreover, the judge allowed counsel to continue questioning the wife on the subject of her situation. The judge’s reluctance to have the wife cross-examined on her expenses and what the parties had done prior to the divorce was based on the obvious point that they would not be able to maintain their previous life-style after the divorce. He was sensitive to the fact that the parties had two children and that there was no advantage to making the divorce trial “the world’s most unpleasant experience.” In any event, the judge said he would not preclude further questioning as to expenses and, in fact, counsel continued to interrogate the wife in that vein. A review of the entire trial shows that the judge was eminently fair and allowed the husband to introduce evidence on all the relevant factors.
Contrary to the husband’s contention, there was no error in making a percentage award in this case. Although some courts have disallowed percentage awards,[2] the rationale against a percentage urged by the husband, that such an award creates automatic modifications without the customary requirement of demonstrating a material change in circumstances, has been soundly rejected in Massachusetts. As Justice Kaplan stated for the court in Stanton-Abbott v. Stanton-Abbott, 372 Mass. 814, 816 (1977), in upholding a percentage increase in alimony based on an increase in the retail price index:
“This argument confuses the application of a contingent or variable *847 clause of a judgment to events as they occur, with the modification of a judgment. Judgments for alimony, child support, and so forth, are typically prospective in their operation .... [Sjuch judgments may contain clauses relating alimony or other payments, in various ways, to the future earnings or profits or means of the obligated (or benefited) spouse. When time brings about the change of situation of the parties, or trips the contingency, or alters the basis of the calculation, as provided in the judgment, we should not regard the corresponding shift in the rate of payment, as a modification of the judgment which requires new justification in another court proceeding. The judgment has remained the same although its variable terms . . . have produced results which in some sense are new.”
Richard D. Packenham for the plaintiff.
David H. Lee (W. Sanford Durland III, with him) for the defendant.
It is obvious that the health of the husband and the fluctuations in his income were the reasons why the judge made a percentage award. These circumstances presented a special case that “well might have suggested the use of [a] self-executing formulaf].” Id. at 817. See Drapek v. Drapek, 399 Mass. 240, 248 (1987) (no abuse of discretion in award for five years of 9.35% of gross income or $60,000, whichever is greater).
In so far as the husband challenges the percentage amount, it is significant that one third of the husband’s income for 1993 was $60,000, the exact amount the wife would have received had the husband’s proposed figure of $5,000 a month been awarded. There was no error.
The husband also challenges the life and medical insurance portions of the judgment. His claim that there is neither logic nor equity in requiring him to maintain such insurance even after the wife remarries, is eligible for Medicaid, or after he retires is unpersuasive. As to the wife’s remarriage, see Keller v. O’Brien, 420 Mass. 820, 826-827 (1995). If the judgment should prove inequitable, the husband may seek modification.
The husband’s claim that there was no evidence to support an increase to $500,000 of life insurance from the $400,000 the judge had ordered during trial ignores subsequent evidence that the husband had $230,000 more insurance than originally indicated. The husband’s additional argument that the judge adopted the wife’s findings without independent thought is not borne out by the record. Not only are the findings quite different from her proposals, but the judge did not accept the wife’s order for judgment as to the life insurance; rather he inserted a clause permitting a reduction of $100,000 every five years.

Judgment affirmed.

 Counsel added, “Our testimony will show, we believe, that Mr. Wooters’ level of income is unlikely to increase and more likely to decrease and, therefore, an order which gives more flexibility in terms of leaving to him sufficient for his needs . . . *846 will make it less likely that a modification proceeding will be needed in the future to give relief from certain circumstances while certainly not fully predictable have a likelihood of occurring.”

 There is a split of authority on this question, and different statutory provisions may have an effect.
The following are examples of cases disapproving percentage of income awards: Hamilton v. Hamilton, 552 So. 2d 929, 931-932 (Fla. Dist. Ct. App. 1989); Bourassa v. Bourassa, 481 N.W.2d 113, 114-115 (Minn. Ct. App. 1992) (but indicated there might be circumstances where such an award would be warranted); Dunning v. Dunning, 104 N.M. 295, 296 (1986); Kunkle v. Kunkle, 51 Ohio St. 3d 64, 70-71 (1990).
Examples of cases permitting such awards are: Lawler v. Lawler, 16 Conn. App. 193, 196-198 (1988); Hayes v. Hayes, 248 Ga. 526, 528 (1981); Marriage of Stegbauer, 84 Ill. App. 3d 83, 86 (1980); Marriage of Parello, 87 Ill. App. 3d 926, 934-936 (1980); Carr v. Carr, 300 N.W.2d 40, 46-47 (N.D. 1980).
Cases permitting such awards but indicating that they are only appropriate in unusual cases are: Marriage of Poindexter, 142 Wis. 2d 517 (1988) (payor’s ability to manipulate his income, a valid reason); Marriage of Hefty, 172 Wis. 2d 124, 132-133 (1992) (income unpredictable a valid reason). See Chaker v. Chaker, 155 Vt. 20, 26-28 (1990); but see Delozier v. Delozier, 161 Vt. 377, 384-387 (1994).
See generally Annot., Validity and Enforceability of Escalation Clause in Divorce Decree Relating to Alimony and Child Support, 19 A.L.R. 4th 830 (1983 & Supp. 1996).