MARCOS NARANJO, JR. *vs.* JUANA NARANJO.

No. 04-P-940.

Worcester. January 10, 2005. - April 14, 2005.

Present: GREENBERG, DUFFLY, & GREEN, JJ.

*Divorce and Separation,* Child support, Modification of judgment. *Parent and Child,* Child support.

In an action on a complaint seeking modification of a father's child support obligation, the judgment of the Probate Court, which incorporated the agreement of the father and the mother that there was no past due child support owed to the mother, appropriately clarified the father's support obligations; however, the probate judge erred in determining that the father owed a specific amount of funds to the Commonwealth, where the Commonwealth was not a party and had no opportunity to participate in the proceeding. [258-259]

COMPLAINT for divorce filed in the Worcester Division of the Probate and Family Court Department on February 4, 1992.

A complaint for modification, filed on February 10, 2003, was heard by *Lucille A. DiLeo,* J., and a motion to alter or amend was also heard by her.

*Marcos Naranjo, Jr.,* pro se.

*Juana Naranjo,* pro se, was present but did not argue.

DUFFLY, J. Marcos Naranjo, Jr., appeals from that portion of a modification judgment which established that he owed $54,164.73 in child support to the Commonwealth, and from the denial of his motion to alter or amend that judgment.

Naranjo and his former wife, Juana Naranjo (Juana), were married in June of 1983; three children were born to them, in 1980, 1984, and 1990. In 1992, Juana filed a complaint for divorce, and on September 10, 1992, the parties entered into an agreement that was incorporated in the divorce judgment. The agreement provided, in relevant part, that Naranjo would pay

child support in the amount of $95 per week for the three children, who were then all unemancipated, and further that "[c]hild support shall be reviewed each year on May 1st and shall be based on the child support guidelines. . . . The new payment shall be due on the following Saturday."

On February 10, 2003, Naranjo filed a complaint for modification in which he set forth the provision in the divorce judgment that "[c]hild support shall be reviewed each year on May 1st and shall be based on the child support guidelines." He alleged as changed circumstances that he had been incarcerated since 1996, that he has no income, and that Juana agreed to relieve him of his obligation to pay all past due child support as well as child support accruing while he is in prison. The parties thereafter filed an agreement for judgment (agreement), in which they stipulated that two of their three children had reached the age of emancipation, that Naranjo "has been incarcerated since 1996 and has no income or assets to support his third child," and that there were no child support arrearages. The parties agreed that child support payments would be suspended until Naranjo's release from prison, whereupon he would pay $125 per week.

At the hearing on the modification complaint the Probate Court judge made inquiry as to the parties' understanding of the agreement, and confirmed with Juana that there were no arrearages and that, to the extent there were arrearages, she was waiving them. The judge indicated that Juana could waive the child support debt due to her. The judge then inquired whether there were any funds due to the Commonwealth for any period that Juana was receiving public assistance. Both parties expressed their understanding that no funds were due to the Commonwealth. The judge then requested that Naranjo provide to Juana his social security number so that she could go to the Department of Revenue (DOR) office located next to the courtroom and obtain a printout that would reflect whether any funds were due.[1] Juana obtained the printout and delivered it to the judge who, after reviewing the document, stated that "there is an arrearage to the Commonwealth of Massachusetts in the amount of thirty

---

[1]The DOR is the state agency charged with enforcement and collection of child support. G. L. c. 119A, §§ 1, 2.

thousand, two hundred and forty-one dollars ($30,241), which shows that you owe Massachusetts that money; that cannot be waived." Naranjo objected, arguing that the Commonwealth had "never been a party," Juana had never requested their assistance, "they never [made] an appearance on the record," and he was not given notice of any amounts due to the DOR.

A judgment issued, dated May 20, 2003, incorporating the agreement of the parties. In addition, the judgment provides there is a "child support arrearage in the amount of $30,241.19 in principal, $15,949.19 in interest and $7,974.35 in penalties, for a total of $54,164.73 owed to the Commonwealth of Massachusetts, which shall survive this judgment."[2] Naranjo's motion to alter or amend the judgment was denied, and he appealed from the judgment and denial of his motion.

*Discussion.* Naranjo's obligation to pay Juana $95 per week as child support was subject to automatic adjustments of the sort we have approved. As we said in *Wooters* v. *Wooters*, 42 Mass. App. Ct. 929, 931 (1997) (approving use of "self-executing formula"):

> "Judgments for alimony, child support, and so forth, are typically prospective in their operation . . . . [S]uch judgments may contain clauses relating alimony or other payments, in various ways, to the future earnings or profits or means of the obligated (or benefited) spouse. When time brings about the change of situation of the parties, or trips the contingency, or alters the basis of the calculation, as provided in the judgment, we should not regard the corresponding shift in the rate of payment as a modification

---

[2]The judge's rationale in support of her decision states in relevant part:

"[I]t is the Court's usual and customary practice to inquire about any money owed by the obligor to the Commonwealth of Massachusetts for benefits received by the obligee. Furthermore, it is the Court's usual and customary practice to request a printout from the Department of Revenue Child Support Enforcement Division regarding any money owed to the Commonwealth from the obligor. The purpose of this Court's inquiry is to insure the parties are aware that if there is any child support arrearage owed by the obligor to the Commonwealth for benefits received by the obligee, the parties clearly understand that arrearage is not waived by any agreements they make between themselves. If there is any arrearage by the obligor to the Commonwealth, the parties have a clear understanding as to how much is owed."

of the judgment which requires new justification in another court proceeding."

*Id.* at 931, quoting from *Stanton-Abbott* v. *Stanton-Abbott*, 372 Mass. 814, 816 (1977). Based on the stipulated fact that Naranjo was without income or assets since his incarceration in 1996, application of the child support guidelines would have resulted in a substantial reduction to, if not elimination of, his weekly support payments during that period. On this basis, there was no need to "modify" the judgment, and the parties' agreement that there was no past due child support was not an improper retroactive modification. See G. L. c. 119A, § 13(*a*), inserted by St. 1987, c. 714, § 1 ("judgment [for payment of child support] shall not be subject to retroactive modification except with respect to any period during which there is pending a complaint for modification, but only from the date that notice of such complaint has been given . . . to the obligee"). The judgment incorporating the parties' agreement appropriately clarified Naranjo's support obligations.

Although the judge correctly advised the parties that they could not waive any claim to child support payments due to the Commonwealth, she should not have determined that a specific amount of child support was due without the Commonwealth being a party or having an opportunity to participate in the proceeding.[3] See *Haverhill Manor, Inc.* v. *Commissioner of Pub. Welfare*, 368 Mass. 15, 31-32, cert. denied, 423 U.S. 929 (1975).

*Conclusion.* The order denying the motion to alter or amend the judgment is vacated. That portion of the judgment providing that the Commonwealth is owed $54,164.73 is vacated. The balance of the judgment, incorporating the parties' agreement as to Naranjo's child support obligations and preserving for future determination the issue whether and in what amount child support payments may be due and owing to the Commonwealth, is affirmed.

*So ordered.*

---

[3]Naranjo makes the additional argument that the only court order obligating him to pay $95 per week to the DOR was contained within a G. L. c. 209A abuse prevention order that he alleges expired on July 8, 1992. We do not address in this appeal whether there is any basis in law or fact to support the claim that Naranjo owes a child support arrearage to the Commonwealth.