NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1164

MELISSA STEINBERG

vs.

PAUL STEINBERG.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The husband in the underlying divorce action appeals from a modification judgment entered in the Probate and Family Court.[1] At issue are the provisions of the modification judgment relating to child support and alimony, which the husband challenges on numerous grounds.  We affirm.

Background.  The parties divorced in April 2019 after twenty-two years of marriage.  Their separation agreement, which was approved and incorporated into the judgment of divorce,

---

[1] The husband also appeals from the judge's orders denying his motions for relief from the modification judgment and to stay the judgment pending appeal.  We need not address those orders separately, however, because the husband does not challenge them on any grounds that are distinct from his challenges to the judgment.

required the husband to pay child support for the parties' three children in an amount equal to 22.5% percent of his annual gross income up to $290,000 and alimony to the wife in an amount equal to twenty-four percent of his annual gross income between $290,000 and $465,000. If the husband's annual gross income exceeded $465,000, the agreement required that he contribute thirty percent of the excess income to the children's college savings accounts, capped at a specified amount per child. The provisions of the agreement relating to child support and alimony merged with the divorce judgment.

In or around July 2020, the husband filed a complaint for modification. He did not pursue this complaint, however, and it was later dismissed by agreement of the parties. Meanwhile, in August 2021, the wife filed a counterclaim for modification seeking an increase in the husband's child support and alimony obligations, among other remedies. The wife alleged that modification of the divorce judgment was warranted in light of several changes in circumstances, including that the husband permanently relocated to Florida ten days after entry of the divorce judgment, did not visit the children regularly between May 2019 and April 2021, and changed his employment.

In lieu of a formal trial, the parties agreed to submit the wife's counterclaim to the judge for resolution based on a

stipulation of uncontested facts, uncontested exhibits, and the parties' affidavits and financial statements. After considering these documents, the judge found that the wife established a material and substantial change of circumstances warranting modification. In particular, the judge cited "a change in employment and income for [the husband], employment for [the wife], emancipation of [the oldest] child, discontinuation of parenting time between [the middle] child and [the husband], and discontinued college attendance . . . for [the middle] child." The judge then proceeded to conduct the required analysis under Cavanagh v. Cavanagh, 490 Mass. 398, 410 (2022), and concluded that it would be equitable for the husband to pay (1) weekly alimony in the amount of $1,210 (equal to twenty-four percent of the difference between the parties' incomes), (2) weekly child support in the amount of $1,030 (equal to the presumptive amount owed under the child support guidelines plus a fifteen percent upward deviation), (3) twenty-four percent of the husband's bonuses and commissions and other income earned above $312,500 to a cap of $465,000, and (4) fifteen percent of his income above $465,000 to a cap of $736,000, reflecting the highest amount he earned during the marriage.

Additional facts are set out below as they become relevant to our analysis.

3

Discussion.  1.  Child support.  The husband challenges the child support order on the ground that the judge failed to make the findings required by § IV(A) of the Child Support Guidelines.  That section allows a judge to deviate from the presumptive amount of support owed under the guidelines, provided that the judge makes findings identifying the presumptive amount, explaining why it would be "unjust or inappropriate," and explaining why an upward deviation is justified on the facts and "consistent with the best interests of the" children.  Child Support Guidelines § IV(A) (July 2023).  According to the husband, the judge's findings were inadequate to show why an upward deviation from the presumptive amount was appropriate in this case.  We are unpersuaded.

The guidelines set out grounds that can support deviation, including where "a parent provides substantially less than one-third of the parenting time for . . . [the] children."  Child Support Guidelines § IV(B)(8).  Here, the separation agreement anticipated that the husband would "have parenting time on average of two . . . weekends per month," which is substantially less than one-third.  As the husband concedes, this disparity supported a deviation at the time of the divorce, which was reflected in the amount of child support imposed on him by the agreement.

4

Because the agreement already included an upward deviation, we agree with the wife that the judge's order was not a new deviation, but a continuation of an existing one.  See Katzman v. Healy, 77 Mass. App. Ct. 589, 598 (2010), quoting Bercume v. Bercume, 428 Mass. 635, 644 (1999) ("To the extent possible, and consistent with common sense and justice, the modified judgment should take into account the earlier, expressed desires of the parties").  The issue is thus controlled not by § IV(A) of the guidelines, but by § III(B), which provides that, on a request for modification, a judge "shall apply [an] existing deviation" if "the facts that gave rise to deviation still exist," "deviation continues to be in the child[ren]'s best interest," and "the guidelines amount would be unjust or inappropriate under the circumstances."

In this case the judge found not only that the facts supporting deviation still existed, but that they were even more pronounced than at the time of the divorce.  Specifically, the judge found that the husband "has no current relationship with [the middle child]," who, when not at college, is wholly dependent on the wife, and that the husband's parenting time with the youngest child is "far less than one-third," i.e., twelve percent in 2021 and 2022 and eleven percent in 2023.  The judge further found that any application of the guidelines

5

without deviation would be "inequitable" and leave the wife "woefully under supported given the children's needs and her needs." These findings were adequate to establish a basis for the continued deviation. Cf. Smith v. Smith, 105 Mass. App. Ct. 505, 517 (2025) ("judge made findings sufficient to support an upward deviation based on the wife being responsible for substantially more than two-thirds of the children's care").

2. Alimony. The husband challenges the alimony order on the following grounds: the judge exceeded her authority by fundamentally rewriting the separation agreement; the wife failed to prove a material change in circumstances to justify a modification; the award exceeds the wife's needs; the combined amount of child support and alimony exceeds the husband's ability to pay; the percentage-based provisions of the award are impermissible; and the judge erred by finding that the husband has the financial support of his new girlfriend. We address these arguments in turn.

The husband's first argument is based on the premise that, even where a separation agreement is merged with the divorce judgment, a judge may only make "minor changes" to the agreement in a later modification action. The husband cites no authority that supports this proposition. His reliance on Bercume, 428 Mass. 635, is misplaced. There, the court held that, if a

6

separation agreement is merged with the divorce judgment, the judge should "take heed" of the terms negotiated by the parties but can still modify the judgment if "consistent with common sense and justice." Id. at 644. Nowhere did the court say or suggest that a judge is limited to "minor changes." In fact, although the separation agreement in Bercume provided that all rights to alimony were waived, id. at 642-643, the court did not hold that the judge was without authority to modify the judgment to include an award of alimony; instead, the court remanded the matter for the judge to consider whether an award of alimony would be consistent with common sense and justice. See id. at 645. If the judge in Bercume could have awarded alimony despite the existence of a separation agreement waiving alimony altogether, the judge here certainly did not exceed her authority by modifying the existing alimony obligations that the husband had under the parties' agreement. See Smith, 105 Mass. App. Ct. at 513-514 (judge was within discretion to modify alimony structure set out in separation agreement).

Next, we see no merit to the husband's contention that the wife failed to show a material change in circumstances to justify a modification. As mentioned, the judge found several material changes warranting modification of both the child support and alimony provisions of the agreement, including the

7

husband's change in employment, increase in income, and the discontinuation of his parenting time with one child. The husband does not claim that these findings are clearly erroneous. Rather, it appears he is arguing that the judge did not have the power to modify his alimony obligations to the extent that she did, i.e., that the award was excessive. To the extent that is his argument, we disagree.

In particular, we disagree with both the husband's argument that the award exceeds the wife's needs and his argument that the combined amount of child support and alimony exceeds his ability to pay. With respect to the former, the husband calculates the wife's needs based on her most recent financial statement dated November 2023, which coincides with when the case was submitted to the judge for resolution. The correct measure of a recipient spouse's needs, however, is the amount necessary to allow the recipient spouse to maintain the marital lifestyle. See Smith, 105 Mass. App. Ct. at 509. Here, the wife's affidavit and exhibits, which the judge credited, show that the parties enjoyed an upper middle-class lifestyle during the marriage and that the wife's weekly expenses were $5,316.93 at the time of the divorce, substantially greater than the expenses reflected in her November 2023 financial statement. The husband makes no argument that the award exceeds what the

8

wife needs to resume this former lifestyle. Although he suggests that the judge did not adequately explain why she picked the number she did, judges "have broad discretion to determine the appropriate amount of alimony" and need not follow "any specific formula," provided they abide by "the limits set forth in G. L. c. 208, § 53 (b), i.e., that alimony should generally not exceed the recipient's need or thirty to thirty-five percent of the difference in the parties' incomes." Smith, supra at 511. The fixed portion of the award here -- equal to twenty-four percent of the difference between the parties' incomes -- falls well below the statutory cap, and the husband does not argue that the award otherwise exceeds the cap.

The judge also expressly found that the husband "has [the] ability to pay." In arguing that this was error, the husband suggests that only his base salary ($312,500 annually) should be considered in determining his ability to pay. During the marriage, however, the husband earned substantial additional income from bonuses, commissions, and stock options, which he will continue to earn at the job he started in May 2023. As the husband's own affidavit states, in addition to his base salary of $312,500, his compensation at his new job includes the "[o]pportunity for variable/commission pay up to $125,000," "140,000 shares of [i]ncentive stock options that vest over a

9

[four]-year period," and "unspecified discretionary bonuses, which depend on company performance and [his] individual performance." The judge did not err in considering this income, which the husband has historically earned, when determining his ability to pay. See Zaleski v. Zaleski, 469 Mass. 230, 243 (2014).

Nor did the judge err by using percentage-based formulas to determine alimony on the husband's income between $312,500 and $736,000. We are unpersuaded by the husband's contention that the judge's order ran afoul of Young v. Young, 478 Mass. 1 (2017). That case holds that "variable or contingent" alimony awards "are the exception rather than the rule, and must be justified by the special circumstances of the case." Id. at 9. One such circumstance might be "where the supporting spouse's income is highly variable from year to year, sometimes severely limiting his or her ability to pay, and where a percentage formula, averaged over time, is likely not to exceed the needs of the recipient spouse." Id. at 10. Here, the judge found that the husband's income before and after the divorce was variable and "included periods of unemployment and a variety of types of compensation" and that "[t]he parties acknowledged this [variability] per their separation agreement" by including "a percentage-based alimony award." Based on these findings, the

judge expressly concluded that "special circumstances" existed as required by Young to justify also incorporating a percentage-based award in the modification judgment.  This was not an abuse of discretion.  See Rosenwasser v. Rosenwasser, 89 Mass. App. Ct. 577, 591 n.12 (2016) (judge could properly "fashion[] a modified alimony award that incorporate[d] a 'self-modifying feature' previously agreed upon by the parties" in separation agreement that was merged with divorce judgment); Wooters v. Wooters, 42 Mass. App. Ct. 929, 931 (1997) (judge properly made percentage award where husband's compensation had considerable fluctuations and his health could affect ability to work).

Finally, the husband claims that the judge clearly erred by finding that he "has the financial support of his new relationship to meet all of his housing and other needs."  Even assuming this finding (which comprised one passing sentence in the judge's rationale) was error, the husband has not explained how he was prejudiced in light of the judge's other uncontested findings.  For this reason alone, he has failed to demonstrate that he is entitled to relief.  See DeJesus v. Yogel, 404 Mass. 44, 47-48 (1989) (to be entitled to new trial in civil case, appealing party must show that error "injuriously affected [his] substantial rights" [citations omitted]).

Conclusion.  The judgment of modification dated August 2, 2024, is affirmed.  The orders dated September 5, 2024, denying the husband's motion for a new trial or to alter or amend judgment and his motion to stay enforcement of judgment pending appeal are affirmed.[2]

> So ordered.
>
> By the Court (Desmond, Shin & Walsh, JJ.[3]),
>
> Clerk

Entered:  February 4, 2026.

---

[2] The wife's request for appellate attorney's fees is denied.  The wife is entitled to her costs in the ordinary course.  See Mass. R. A. P. 26 (a), as appearing in 481 Mass. 1655 (2019).

[3] The panelists are listed in order of seniority.