Filed 3/20/26  Abou-Chakra v. Abou-Chakra CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| MAE ABOU-CHAKRA, | B344252 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. ED040238) |
| v. | |
| BASSAM R. ABOU-CHAKRA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jannet Perez Santiso, Judge.  Affirmed.

Law Office of Noelle M. Halaby and Noelle M. Halaby for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Bassam R. Abou-Chakra appeals the family court's order denying his request to terminate his obligation to maintain life insurance for the benefit of Mae Abou-Chakra, his former spouse.[1]  We conclude the court did not abuse its discretion in refusing to remove this obligation from the parties' stipulated judgment and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Bassam and Mae were married on July 30, 1988, and separated on September 8, 2008.  The parties signed a Stipulated Judgment for Dissolution of Marriage (Stipulated Judgment) in 2016.  In the Stipulated Judgment, Bassam agreed to pay Mae $5,400 per month for spousal support.  Under the same heading of "Spousal Support," Bassam agreed to maintain life insurance for Mae's benefit:

> "33.  [Bassam] shall immediately seek, purchase and maintain life insurance in the amount no less than $500,000, with [Mae] as beneficiary.  [Bassam] shall send quarterly proof to [Mae]."

Paragraph 33 is the only mention of life insurance in the Stipulated Judgment.  The Stipulated Judgment also divided the parties' property, including Bassam's retirement benefits.

In April 2024 Bassam filed a Request for Order for Modification or Termination of Spousal Support (RFO).  The RFO also included a request for the court to terminate the

---

[1]      We refer to Bassam and Mae by their first names to avoid confusion; no disrespect is intended.

2

requirement to maintain life insurance because Bassam had retired, effective November 1, 2024.

In November 2024 the court held a hearing on the RFO. On the modification of spousal support, Bassam argued that when he retired, Mae would get a share of the retirement benefits and that this should meet her support needs. Accordingly, the court should modify monthly spousal support to $0 and terminate jurisdiction. On the life insurance issue, Bassam argued: "If there is no spousal support order, then my client has no obligation to [Mae]. Therefore, his life insurance should not – there's no insurable interest [Mae] has. [Bassam] has no obligation to [Mae]. [Bassam] should be able to leave life insurance to whomever he wants or no longer have that obligation." Bassam also argued that Family Code section 4360[2] provided authority for the court to modify the life insurance provision.

Mae argued that monthly spousal support should be increased because of increases in her cost of living and greater needs due to medical issues.[3] On the life insurance issue, Mae argued: "A life insurance benefit is also a – can be placed as in the spousal support, as well as in the assets. It's a benefit. It's not technically an asset. It's a benefit. But nowhere in the judgment do the parties contemplate that if spousal support and – reduced to [$0] that she loses that benefit. That's not contemplated in the judgment."

---

[2]      Further statutory references are to the Family Code.

[3]      Under section 213, a "responding party may seek affirmative relief alternative to that requested by the moving party, on the same issues raised by the moving party" without filing a separate request for order.

The court engaged in a lengthy analysis of the section 4320 factors. Among other things, the court considered that the marriage lasted more than 20 years. For most of the marriage, Bassam encouraged Mae to devote her time to raising the children and domestic duties. At one time, Mae enrolled in an accounting program that she later quit at the behest of Bassam. Mae has "nominal marketable skills." The court noted that Mae's dedication to the household allowed Bassam to promote and advance his career. Bassam's income more than doubled post-judgment (from around $12,000 per month to $26,497) and now in retirement was $18,484 monthly. Mae was diagnosed with various ailments, including serious ongoing medical issues. With Bassam's retirement, the court found that Mae's share of the retirement benefits would exceed her monthly spousal support. The court also considered that the parties had agreed that Bassam would maintain life insurance for the benefit of Mae.

The court found that Mae failed to meet her burden of showing a material change in circumstances to warrant an increase in spousal support and denied that request. The court found that with Bassam's retirement, Mae would be receiving a portion of his retirement benefits that was $601.86 over the current monthly spousal support order and granted Bassam's request for a downward modification of monthly spousal support to $0. The Court reserved jurisdiction over the issue of spousal support.

Regarding Bassam's request to terminate his obligation to maintain life insurance for Mae's benefit, the court first looked at the Stipulated Judgment. The court noted that the Stipulated Judgment did not require the court to remove or even consider removal of the obligation in the event the court modified monthly

4

spousal support to $0. The court acknowledged Bassam's argument that the court had authority under section 4360 to modify the life insurance provision but questioned whether the life insurance provision in the Stipulated Judgment was made under section 4360. The court explained that it was denying the request for two reasons. First, there was nothing in the Stipulated Judgment that indicated the life insurance provision was made under section 4360. Second, even if section 4360 applied, the court stated it was exercising its discretion not to terminate the provision.

Bassam timely appealed.[4]

## DISCUSSION

A. *Governing Law and Standard of Review*

In ordering or modifying spousal support, "the court must consider the mandatory guidelines of section 4320. Once the court does so, the ultimate decision as to amount and duration of spousal support rests within its broad discretion and will not be reversed on appeal absent an abuse of that discretion." (*In re Marriage of Kerr* (1999) 77 Cal.App.4th 87, 93, fn. omitted.) In determining the needs of a supported spouse, a court may order a supporting party to purchase and maintain an annuity, life insurance or a trust where it is just and reasonable in view of the

---

[4] Mae has not filed a brief. "However, we do *not* treat the failure to file a respondent's brief as a 'default' (i.e., an admission of error) but examine the record, appellant's brief, and any oral argument by appellant to see if it supports any claims of error made by the appellant." (*In re Marriage of Riddle* (2005) 125 Cal.App.4th 1075, 1078, fn. 1.)

5

circumstances of the parties.  (See § 4360, subd. (a).)[5]
Determination of what is just and reasonable relating to
annuities, insurance, or trusts for a supported spouse are within
the sound discretion of the court.  (*In re Marriage of Ziegler*
(1989) 207 Cal.App.3d 788, 793 ["In our view, the trial court acted
well within its discretion when it concluded it was 'just and
reasonable' to order [Appellant] to continue to make payments on
the survivor benefit plan"].)  We review an order under
section 4360 for abuse of discretion.

B.      *Under Section 4360, the Family Court Had Discretion To*
        *Modify the Life Insurance Provision*

Bassam argues section 4360 applies to the Stipulated
Judgment and gives the court the authority to modify or
terminate his obligation to maintain life insurance.  The court
has discretion to modify or terminate an order under section 4360

---

[5]      Section 4360, subdivision (a), provides:  "For the purpose of
[s]ection 4320, where it is just and reasonable in view of the
circumstances of the parties, the court, in determining the needs
of a supported spouse, may include an amount sufficient to
purchase an annuity for the supported spouse or to maintain
insurance for the benefit of the supported spouse on the life of the
spouse required to make the payment of support, or may require
the spouse required to make the payment of support to establish
a trust to provide for the support of the supported spouse, so that
the supported spouse will not be left without means of support in
the event that the spousal support is terminated by the death of
the party required to make the payment of support."

6

unless the parties agreed otherwise in writing. (See § 4360, subd. (b).)[6]

In this case, the parties signed the Stipulated Judgment. Both parties agreed to the life insurance provision, and the court entered the life insurance provision as a term in the judgment for this case. The parties did not include any language agreeing that the provision could not be modified or terminated, so the court has discretion to modify or terminate the provision.

C.   *The Family Court Did Not Abuse Its Discretion by Declining To Terminate the Life Insurance Provision in the Stipulated Judgment*

Bassam argues the trial court abused its discretion because, after reducing monthly spousal support to $0, it did not terminate Bassam's obligation under the Stipulated Judgment to maintain life insurance for the benefit of Mae. In making this argument, Bassam argues that if Mae's monthly spousal support is reduced to $0, then there is no need for the life insurance. Having just considered the section 4320 factors in modifying spousal support, the family court then considered the Stipulated Judgment and declined to terminate the provision.

Bassam argues that because the life insurance provision is in the "Spousal Support" section of the Stipulated Judgment, "the spousal support obligation and life insurance obligation are interrelated." But that fact alone does not advance Bassam's

---

[6]   Section 4360, subdivision (b), provides: "Except as otherwise agreed to by the parties in writing, an order made under this section may be modified or terminated at the discretion of the court at any time before the death of the party required to make the payment of support."

7

position. Bassam argues that the life insurance is for support after his passing. If this is accurate, then both the monthly spousal support and the life insurance are elements of the parties' agreed spousal support.

There is nothing in the agreement tying the maintenance of life insurance to the amount of monthly spousal support. There is no language indicating conditions under which the obligation could be removed. If the parties had intended for the requirement to maintain life insurance to exist only while Bassam was required to pay monthly spousal support, conditional language could have been included. It was not.

In addition to monthly spousal support and the life insurance, the Stipulated Judgment provided for the division of Bassam's retirement benefits. At the time of the Stipulated Judgment, the parties agreed that, among other things, Mae would receive monthly spousal support, be the beneficiary of life insurance on Bassam, and receive a portion of Bassam's retirement benefits.

The court engaged in an extensive analysis of the section 4320 factors regarding spousal support. The court considered that it was a long-term marriage, more than 20 years. For most of the marriage, Bassam wanted Mae to devote her time to raising the children and domestic duties, and at one time, Mae enrolled in an accounting program that she later quit at the behest of Bassam. Accordingly, Mae has nominal marketable skills. The court noted that Mae's dedication to the household allowed Bassam to promote and advance his career, and Bassam benefited from that post-judgment as his income more than doubled prior to his retirement. Mae had been diagnosed with medical issues that she claimed prevented her from working and

8

increased her costs of living and support needs. With Bassam's retirement, the court found that Mae's share of the retirement benefits would exceed her monthly spousal support. The court also considered that the parties had agreed as part of the Stipulated Judgment that Bassam would maintain life insurance for the benefit of Mae.

After addressing all this and other information, the court reduced monthly spousal support to $0 but declined to terminate the life insurance provision that the parties had previously agreed upon. Given this extensive analysis and consideration of the specific circumstances in this case, we do not find an abuse of discretion.

## DISPOSITION

The order denying termination of Bassam's life insurance obligations under the Stipulated Judgment is affirmed.

GIZA, J. *

We concur:

MARTINEZ, P. J.

STONE, J.

---

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.